UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,           )     Case No._____
                           )
      Plaintiff,           )
                           )
v.                         )
                           )
THADDEUS MICHAEL BULLARD   )
SR. a/k/a TITUS O'NEIL; and WORLD )
WRESTLING ENTERTAINMENT, INC., )
                           )
      Defendants.          )
_____)

## NOTICE OF REMOVAL

Defendant, WORLD WRESTLING ENTERTAINMENT, INC., submits this Notice of Removal and requests that the case entitled, DONALD ANDERSON v. THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and WORLD WRESTLING ENTERTAINMENT, INC., which was filed as Case No. 2018-CA-807-ES in the Circuit Court of the Judicial Circuit in and for Pasco County, Florida, be removed to the United States District Court, Middle District of Florida, Tampa Division. In support of this Notice, the defendant advises the court as follows:

1. On March 21, 2018, Plaintiff commenced the state court action by filing a Complaint. On March 30, 2018, Defendant World Wrestling Entertainment, Inc., was served with a copy of the Summons and Complaint in the state court action. The Summons and Complaint are attached as Exhibit "A." On April 13, 2018, counsel for Defendant contacted counsel for Mr. Bullard and confirmed that Mr. Bullard had not been served.

2. No further proceedings have occurred in the state court action. Attached to this Notice as Exhibit "B" are copies of all pleadings filed in the state court action.

3. The state court action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441, in that the matter in controversy exceeds the value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

4. Specifically, Plaintiff was domiciled in the state of California at the time the state court action was commenced and still is a domiciliary of the state of California as of the date of filing this Notice. Further, the plaintiff is a citizen of the state of California, and of the United States of America.

5. Defendant World Wrestling Entertainment, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut at the time the state court action was commenced and still is a corporation as of the date of filing this notice.

6. As to the amount in controversy, Plaintiff's Complaint only states that damages exceed the amount of $15,000 (Ex. A ¶ 1). Since Plaintiff made an unspecified demand for damages in his state court pleading, the Defendant must establish by a preponderance of the evidence that the amount in controversy more likely than not exceeds the threshold requirement of 28 U.S.C. § 1332. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061 (11th Cir. 2010); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

7. In the instant case, Plaintiff alleges that Mr. Bullard kicked him and "[t]he kick caused permanent and long term injuries to ANDERSON'S wrist and hand, and his fingers were impacted and injured for a significant initial period of time." (Ex. A ¶ 17). Additionally, Plaintiff pleads that "[a]s a direct and proximate result of this battery, ANDERSON was injured, including, but not limited to, bodily injury, pain and suffering, mental anguish,

extreme emotional distress, disfigurement, medical expenses, physical handicap, loss of income, loss of the capacity for enjoyment of life, and loss of ability to earn money. Said injuries are either permanent or continuing in nature and ANDERSON will suffer the losses in the future." (Ex. A ¶ 26.)

8. Based upon the allegations set forth in Plaintiff's Complaint, in its entirety, both in terms of economic and non-economic damages, Plaintiff's claims fully support a conclusion that he is seeking damages to be awarded in excess of the jurisdictional limits of this Court. Therefore, subject matter jurisdiction, even if Plaintiff did not specifically allege $75,000 in the original Complaint, is vested in this Court.

9. Additionally, Plaintiff sent a pre-suit demand letter, dated February 6, 2017, regarding Plaintiff's damages, attached hereto as Exhibit "C."[1] In that letter, there is lengthy and substantive discussion of over 4 pages regarding Plaintiff's alleged injuries including "painful, severe, and debilitating injuries to his person, in a manner restricting and limiting his professional endeavors and income." (Ex. C, page 2).

10. Plaintiff includes in the demand letter a statement that "lost income and medical expenses exceed $210,000.00." The letter also notes that pain and suffering "comprises damage in excess of $1,200,000.00." (Ex. C, Page 3.) These amounts exceed the jurisdictional amount in controversy and thus establishes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00 See Degeorge v. Geico Gen. Ins. Co., 6:12-cv-1654-Orl-37GJK, 2012 U.S. Dist. LEXIS 176654, 2012 WL 6212916, *2 (MD Fla. Dec. 13,

---

[1] Demand letter and settlement offers that provide specific and good faith assessments regarding a plaintiff's claim for damages may be considered in determining the amount in controversy. See, e.g., Mick v. De Vilbiss Air Power Co., 6:10-cv-1390-Orl-28GJK, 2010 U.S. Dist. LEXIS 136246, 2010 WL 5140849, *1-2 (M.D. Fla. Dec. 14, 2010); Lutins v. State Farm Mut. Auto. Ins. Co., 3:10-cv-817-J-99MCR, 2010 U.S. Dist. LEXIS 143300, 2010 WL 6790537, *2 (M.D. Fla. Nov. 4, 2010).

2012) (finding diversity jurisdiction by analyzing details of demand letter in support of removal).

11. Additionally, Plaintiff is seeking an undisclosed amount for future medical care and costs. (Ex. A. ¶ 26.)

12. Plaintiff is also seeking an undisclosed amount for future lost wages. (Ex. A. ¶ 26.)

13. Venue is properly in the Tampa Division of the Middle District of Florida, pursuant to M.D.L.R. 1.02(b)(4). This case was filed in the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, Florida, on March 21, 2018. Therefore, the Tampa Division is the proper Court for removal of this case.

14. Further, venue is proper in this Court pursuant to 28 U.S.C. §1441(a) because the United States District Court for the Middle District of Florida, Tampa Division is the federal judicial district embracing the Circuit Court of the Sixth Judicial Circuit in and for Pasco County, in which the State Court Action was originally filed.

15. This Notice of Removal is being timely filed within thirty (30) days from March 30, 2018, the date upon which the Summons was served upon Defendant's Registered Agent. A copy of the Summons and Complaint are attached collectively hereto as Exhibit "A." Defendant has filed no responsive pleadings in the State Court action.

16. A copy of the Notice of Removal is being filed with the Clerk of Court for the Circuit Court for the Sixth Judicial Circuit of Florida, together with a Notice of Filing Notice of Removal pursuant to 28 U.S.C. 1446(d).

17. A copy of this Notice of Removal, together with a Notice of Filing Notice of Removal, is being served on Plaintiff pursuant to 28 U.S.C. 1446(d).

18. No previous application for the relief sough in the Notice of Removal herein has been made to this or any other Court.

19. Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Defendant shall file its Answer and/or present its defenses or objections to the Complaint within seven days of the filing of this Notice of Removal.

Respectfully submitted, this 12th day of April, 2018.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of April, 2018, a true and correct copy of the foregoing was served to: Derek L. Metts, Esq., Metts Legal, P.A., derek.metts@mettslegal.com, 607 N. Wymore Road, Winter Park, FL 32789, (321) 422-0430/(321) 422-0499 (F), Attorney for Plaintiff, Donald Anderson.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant WORLD WRESTLING ENTERTAINMENT, INC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: dan.shapiro@csklegal.com
Secondary e-mail: justin.saar@csklegal.com
Alternate e-mail: alice.hartranft@csklegal.com

By: s/ Justin T. Saar
DANIEL A. SHAPIRO
Florida Bar No.: 965960
JUSTIN T. SAAR
Florida Bar No.: 70512