UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DONALD ANDERSON, ) | Case No. 8:18-cv-00901-MSS-AAS |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| THADDEUS MICHAEL BULLARD ) | |
| SR. a/k/a TITUS O'NEIL; and WORLD ) | |
| WRESTLING ENTERTAINMENT, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

#### Relief Sought

Defendant, World Wrestling Entertainment, Inc., (hereinafter "WWE") moves to dismiss this action under Rule 12(b)(2), for lack of personal jurisdiction, and in support thereof states as follows:

#### Grounds for Motion

WWE respectfully contends this Court lacks personal jurisdiction over WWE in connection with the claims alleged in the Plaintiff's complaint for the following reasons:

1. Several recent U.S. Supreme Court decisions have clarified the standards for the application of "general" (sometimes called "all purpose") personal jurisdiction and "specific" (sometimes called "case-linked") personal jurisdiction: Except in an "exceptional case," general personal jurisdiction over a corporation is limited to "the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v.*

*Tyrrell,* 137 S. Ct. 1549, 1558 (2017). Specific personal jurisdiction is limited to where an affiliation exists "between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.,* 137 S. Ct. 1773, 1781 (2017).

2. WWE is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut.

3. This cause of action concerns alleged actions by co-defendant Thaddeus Michael Bullard, Sr. a/k/a Titus O'Neil kicking the plaintiff and causing injury that occurred in Virginia and not in Florida.

4. The Court does not have general or specific personal jurisdiction over this claim.

5. WWE is entitled under Rule 12(b)(2) to have this court dismiss the plaintiff's action for lack of personal jurisdiction over this Defendant.

6. All of the facts set forth above are sworn to in the Affidavit of Brian Terwilliger, Vice President of Digital Development of World Wrestling Entertainment, Inc.

7. The law governing personal jurisdiction in this case is more fully explained in the attached Memorandum of Law below.

8. This motion is based on the pleadings and papers on file in this action, this motion, the accompanying memorandum of points and authorities, the affidavit of Brian Terwilliger, and whatever evidence and argument is presented at the hearing of this motion.

### Memorandum of Points and Authorities

There is no general or specific jurisdiction over the Defendant WWE so that this case should be dismissed pursuant to Rule 12(b)(2). Federal Rules of Civil Procedure Rule 12(b)(2) states in relevant part the following: "(b) How to Present Defenses. Every defense to a claim for

relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (2) lack of personal jurisdiction."

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "It has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts. . . . Because '[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power,' it is subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

Supreme Court jurisprudence has recognized "two types of personal jurisdiction: 'general' (sometimes called "all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. Several recent Supreme Court decisions have clarified the standards for the application of general and specific jurisdiction.

With regard to general jurisdiction, the Supreme Court has made clear that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U. S. at 127 (quoting *Goodyear*, 564 U.S. at 919). The Supreme Court has further clarified that the "paradigm" forums in which a corporate defendant is "at home," **are the corporation's place of incorporation and its principal place of business."** *BNSF*, 137 S. Ct. at 1558 (emphasis added). The exercise of general jurisdiction, however, is not limited to these forums; "in an 'exceptional case,' a corporate defendant's operations in another forum may be so substantial and of such a nature as to render the corporation at home in that State." *Id.* As an example of such an "exceptional case," the

3

Supreme Court cited its holding in *Perkins v. Benguet Consol. Mining Co.*, 342 U. S. 437, in which war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio. 342 U. S., at 447-448. Because Ohio then became "the center of the corporation's wartime activities," *Daimler*, 571 U. S., at 129, suit was proper there, *Perkins*, 342 U. S., at 448.

In contrast to general jurisdiction, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U. S. at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *See id.; see also Goodyear*, 564 U.S. at 919, n. 6, ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales")."

Here, WWE is not subject to general or specific jurisdiction in Florida under the foregoing Supreme Court precedent. WWE is not subject to general jurisdiction because it is incorporated in Delaware and headquartered in Connecticut. Nor is this an "exceptional case" in which extraordinary circumstances forced WWE to temporarily relocate its business to Florida such that its operations in Florida are "so substantial and of such a nature as to render the corporation at home" in Florida as opposed to its paradigmatic bases for general jurisdiction in Connecticut or Delaware. Indeed, in *BNSF*, the Supreme Court held that BNSF was not subject to general jurisdiction in Montana because it was not incorporated in Montana and did not maintain its principal place of business in Montana despite the fact that BNSF had over 2000 miles of railroad track and more than 2000 employees in Montana. Although BNSF engaged in extensive business

activities in Montana, the Supreme Court ruled that BNSF was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State." *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 571 U.S. at 139). That same reasoning equally applies in this case to preclude general jurisdiction over WWE in Florida.

Likewise, WWE is not subject to specific jurisdiction because the activities on which the plaintiff's claims are based are alleged to have exclusively occurred in Virginia and not in Florida. As set forth in the accompanying affidavit of Brian Terwilliger, the activities at issue allegedly occurred in Norfolk, Virginia during the taping of the WWE Network program "Swerved." Because there is no connection between Florida and the activities underlying the plaintiff's claims, the extent of WWE's unconnected activities in Florida are insufficient to establish specific jurisdiction as a matter of law. The Supreme Court's recent decision in *Bristol-Myers Squibb* is again instructive. Although five of the company's research and laboratory facilities which employed a total of approximately 160 employees was located in California, because the nonresident plaintiffs' claims did not arise out of any of Bristol-Myers Squibb's business in California or any other activities in California, the Supreme Court held that a California court could not exercise specific jurisdiction over the nonresident plaintiffs' claims. For similar reasons, Florida courts cannot exercise specific jurisdiction over the claims of nonresident plaintiff, Donald Anderson, which do not arise out of any activities of WWE in Florida.

WHEREFORE, Defendant WWE respectfully moves this Honorable Court for entry of an Order dismissing Plaintiffs Complaint and for all other relief the Court deems just and proper.

Dated: April 27, 2018

CASE NO.: 2018-CA-807-ES

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of April, 2018, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida, Tampa Division County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Derek L. Metts, Esq., Metts Legal, P.A., derek.metts@mettslegal.com, 607 N. Wymore Road, Winter Park, FL 32789, (321) 422-0430/(321) 422-0499 (F), Attorney for Plaintiff, Donald Anderson.

        COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant WORLD WRESTLING ENTERTAINMENT, INC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: Dan.Shapiro@csklegal.com
Secondary e-mail: justin.saar@csklegal.com
Alternate e-mail: alice.hartranft@csklegal.com

By:   s/ Justin T. Saar
     DANIEL A. SHAPIRO
     Florida Bar No.: 965960
     JUSTIN T. SAAR
     Florida Bar No.: 70512

2138.0151-00/9858716