UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,　　　　　　　　　　　Case No.: 8:18-cv-00901-MSS-AAS

　　　　Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

　　　　Defendants.
_____ /

## PLAINTIFF'S MOTION TO REMAND

　　　　Plaintiff, DONALD ANDERSON, by and through undersigned counsel and pursuant to 28 U.S.C. § 1447, respectfully moves this Court for an Order remanding this action to the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida, the original venue from which this case was removed pursuant to Defendant, WORLD WRESTLING ENTERTAINMENT, INC.'S, Notice of Removal filed on April 13, 2018, and in support, states the following:

### INTRODUCTION

　　　　1.　　On March 21, 2018, Plaintiff initiated this action against Defendants, WORLD WRESTLING ENTERTAINMENT, INC. ("WWE") and THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("O'NEIL"), in the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida.

　　　　2.　　On March 30, 2018, WWE was served with the Complaint.

3. In response to the Complaint, on April 13, 2018, WWE filed its Notice of Removal removing the case to Federal Court claiming federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

4. After six (6) attempts, on April 26, 2018, Defendant, THADDEUS MICHAEL BULLARD, SR. a/k/a TITUS O'NEIL ("O'NEIL"), was served, by substitute service, with the Complaint, *See* (Doc. 8).

5. Plaintiff believes that the delay in perfecting service upon O'NEIL was due to O'NEIL being in Saudi Arabia at the direction of the WWE.

6. On May 1, 2018, Plaintiff filed his Amended Complaint (Doc. 9).

7. For the reason set forth in detail below, Plaintiff is respectfully requesting that this case be remanded back to State Court, as both O'NEIL and WWE are citizens of Florida.

## MEMORANDUM OF LAW

**A.     Legal Standard**

Removal jurisdiction exists only where the district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir. 2000). A district court has original jurisdiction over cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Because this case was originally filed in state court and removed to federal court by WWE, WWE bears the burden of proving that federal jurisdiction exists. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). "Federal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." *Total Fleet Solutions, Inc. v. National Crime Ins. Bureau*, 612 F. Supp. 2d 1232, 1234

(M.D. Fla. 2009). Furthermore, a plaintiff's right to choose his forum carries more weight than a defendants right to remove. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Williams v. AFC Enterprises, Inc., 389 F.3d 1185, 1189 (11th Cir. 2004) (quotations omitted). Indeed, "[w]here there is any doubt concerning jurisdiction of federal court upon removal, the case should be remanded." (Deweese v. Doran, No. 3:15-cv-32-J-32-JRK, 2015 U.S. Dist. LEXIS 132695, at *2 (M.D. Fla. September 30, 2015) (citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999)).

**B.      WWE has failed to establish its Principle Place of Business**

28 U.S.C. § 1332(c)(1) states that "a corporation shall be deemed to be a citizen of every State and foreign state . . . where it has its principle place of business . . . ." In addition, 28 U.S.C. § 1441(b)(2) states that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

Plaintiff disagrees that WWE is not a citizen of Florida and WWE has not provided competent proof regarding this issue. Rather, in its Notice of Removal, WWE makes only a conclusory assertion that "its principle place of business" is in the State of Connecticut at the time the state court action was commenced . . .", which Plaintiff disputes.

In Hertz v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192-93, 175 Led.2d 1029 (2010), the Supreme Court adopted the "nerve center" test to determine a corporation's principal place of business. It is Plaintiff's position that WWE's "nerve center" is in Florida, which would prevent removal to this Court pursuant to 28 U.S.C. § 1441(b)(2). As articulated in Hertz, the "nerve

center" of a corporation refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." 130 S.Ct. at 1192. The nerve center is "normally ... the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, ... and not simply an office where the corporation holds its board meetings." *Id*. The burden of persuasion remains on the party asserting diversity jurisdiction. *Id*. at 1194. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Id*. at 1194-95.

WWE has not provided competent proof regarding its "principle place of business" and only provides the Court with conclusory assertions. These conclusory assertions fail to provide evidence relevant to the inquiry and do not satisfy WWE's burden of establishing federal jurisdiction through competent proof. *See Hertz Corp.*, 130 S.Ct at 1194-95. *See also* <u>Media Duplication Servs., Ltd. v. HDG Software, Inc.</u>, 928 F.2d 1128, 1236 (11th Cir. 1991)("Where there is inadequate evidence adduced to establish the location of a corporation's principal place of business at the time the complaint was filed, there are insufficient facts to support diversity jurisdiction."). Accordingly, the case should be remanded.

**C.     WWE's removal violates 28 U.S.C. § 1441(b)(2), the forum defendant rule, which prevents a defendant's removal of a case to federal court if a defendant is a citizen of the state in which the initial case was filed.**

The forum defendant rule's purpose is to advocate the remand of state action. <u>Jirau v. Wathen</u>, No. 8:14-cv-1205-T-33MAP, 2013 U.S. District LEXIS 101014, at *10-11 (M.D. Fla. July 24, 2014). Even in instances of complete diversity, the Middle District of Florida has repeatedly stated that "[e]ven where there is complete diversity between parties, then, a defendant may not remove a case brought in a state court sitting in the same state in which any properly joined and served defendant is a citizen." <u>North v. Precision Airmotive Corp.</u>, 600 F.

Supp. 2d 1263, 1267 (M.D. Fla. 2009).

**WWE**

Using the nerve center test, WWE's "principle place of business" is its "WWE Performance Center" located at 5055 Forsyth Commerce Road, Orlando, Florida. Within Plaintiff's Amended Complaint, it has been alleged:

a. Since at least as early as February 1983, WWE, first doing business as the "World Wrestling Federation" and now doing business as "World Wrestling Entertainment," has provided to the public live and televised wrestling and entertainment events and services.

b. WWE has maintained an active registration with the Florida Department of State to conduct business in Florida since 1988. The Florida registered agent for WWE is CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

c. In July 2013, WWE opened its new world-class training facility known as the "Performance Center" in Orlando, Florida. The mailing address for the Performance Center is 5055 Forsyth Commerce Road, Orlando, Florida 32807.

d. WWE Executive Vice President, Paul Levesque, hosted the unveiling. Standing next to Florida Governor, Rick Scott, and Stephanie McMahon, Chief Brand Officer of the WWE and daughter of WWE CEO, Vince McMahon, officially opened the Performance Center clanging a ringside bell. Mayor of Orange

County, Florida, Teresa Jacobs, was also involved with the opening.

e. The Performance Center is a 26,000-square-foot training center where WWE's "talent", including TITUS O'NEIL, train for their performances across the country.

f. The WWE spent more than $3.5 million constructing the Performance Center, which replaced the WWE's smaller talent-development operation in Tampa, Florida. The Tampa facility opened in 2008.

g. Mr. Levesque at the unveiling made the following statements:

   1) "The WWE Performance Center represents the guaranteed future success of our company . . . ."

   2) Without "talent" "we [WWE] have absolutely nothing" "No Raw", "no 150 countries watching", "no 80,000 people at MetLife Stadium", "no 170 million people following us [WWE] digitally, "no 161 million viewers in the U.S. alone", no 2 million in pay-per-view buys".

   3) "Ensuring the constant supply of fresh talent is essential."

   4) "You are now looking at the guaranteed success and future of the WWE, the WWE Performance Center."

h. The talent that is essential to the WWE is created at the Performance Center.

i.  Mrs. McMahon stated that the "Performance Center is the foundation for the future of the WWE" and that the "Performance Center is the future of our business."

j.  WWE's agent, Xavier Woods, stated "[t]o us, this is more than a performance center, this is our *home*, and we are very privileged to live here."

k.  WWE Senior Vice President, John Saboor, has stated "In many respects, Central Florida is our new regional *home*."

l.  There are live cameras throughout the Performance Center to allow WWE executives to remotely see what is going on inside without actually having to be there, allowing for real time feedback from WWE executives.

m.  The Performance Center contains special "mirror" and green screen rooms so that WWE talent, including TITUS O'NEIL, can practice their TV personas.

n.  WWE talent, including TITUS O'NEIL, train for strength and conditioning within a 5,500 square-foot gym located in the Performance Center.

o.  The Performance Center is where WWE talent, including TITUS O'NEIL, train for live events, including the live event that was being filmed around the time of the incident which forms the basis for this lawsuit.

    p. The Performance Center is not open to the general public, but on occasion, the WWE has charged selected patrons $1,499.00 per person for the opportunity to experience the Performance Center.

    q. The Performance Center has been referred to as WWE's "developmental headquarters."

    r. WWE has engaged in litigation both as a plaintiff and defendant in numerous cases within Florida.

These facts contradict WWE's claim that its "principle place of business" is in Connecticut. The WWE Performance Center located in Florida is where the WWE's core activities are coordinated and controlled. Based upon WWE's own statements, WWE is at "home" in Orlando, Florida. Given the legal standard for removal jurisdiction (resolving all doubts about jurisdiction in favor of remand; a presumption in favor of remand to state courts, uncertainties being resolved in favor of remand, and plaintiff's right to choose his forum carrying more weight than a defendant's right to remove) and the facts listed above supporting the contention that WWE is a citizen of Florida, remand is appropriate.

**O'NEIL**

O'NEIL is clearly a citizen of Florida and has been joined and served in this action. Pursuant to 28 U.S.C. § 1441(b)(2), this action should be remanded. While it is true that O'NEIL had not been served prior to the removal, it appears the delay in service was due to O'NEIL being out of the country at the direction of the WWE. In addition, there is nothing within 28 U.S.C. § 1441 which specifically states that service needs to be accomplished before the removal and not allowing remand would go against the congressional intent for adding the "properly joined and served" language to the statue.

Courts are entrusted "to construe [statutory] language so as to give effect to the intent of Congress." *United States v. Am. Trucking Ass'ns,* 310 U.S. 534, 542, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940). Congress added the "properly joined and served" language to the statute in 1948. *Sullivan v. Novartis Pharm. Corp.,* 575 F.Supp.2d 640, 644 (D.N.J.2008). The published legislative history apparently contains no explanation for this addition. *Id.* (describing a "thorough examination" thereof). Multiple courts, however, have interpreted it as an effort to prevent gamesmanship by plaintiffs. *See id.* at 643(collecting cases). In the view of these courts, the purpose of the language is "to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom [the plaintiff] does not intend to proceed, and whom [the plaintiff] does not even serve." *Id.* at 645.

Having O'NEIL as a defendant in this case is in no way gamesmanship on the part of Plaintiff. O'NEIL is the individual alleged to have intentionally injured Plaintiff and he has been served. Accordingly, the forum-defendant rule contemplates Plaintiff's ability to defeat WWE's purported right of removal in this case.

WHEREFORE, Plaintiff, DONALD ANDERSON, respectfully requests that this Honorable Court remand this case back to the State Court, and for such further relief that this Honorable Court deems just and proper.

## RULE 3.01(g) CERTIFICATION

Undersigned counsel hereby certifies that undersigned conferred with counsel for Defendant, WORLD WRESTLING ENTERTAINMENT, INC., on May 2, 2018 and an agreement on the resolution of this motion could not be reached.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on this 3rd day of May, 2018 through electronic mail to **Justin T. Saar, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at dan.shapiro@csklegal.com, justin.saar@csklegal.com, and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and by U.S. Mail to Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, at 19117 Long Lake Ranch Blvd., Lutz, Florida 33558.

/s/ *Derek Metts*
**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.:  321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*