UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DONALD ANDERSON, | Case No. 8:18-cv-00901-MSS-AAS |
| Plaintiff, | |
| v. | |
| THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL; and WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendants. | |

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

### Relief Sought

Defendant, World Wrestling Entertainment, Inc., (hereinafter "WWE") moves to dismiss this action under Rule 12(b)(2), for lack of personal jurisdiction, and in support thereof states as follows:

### Procedure

1. On March 30, 2018, Plaintiff served WWE with original complaint.

2. On April 13, 2018, WWE removed the case to the U.S. District Court for the Middle District of Florida, Tampa Division (D.E. 1).

3. On April 27, 2018, WWE filed its Motion to Dismiss with Incorporated Memorandum of Law asserting a lack of personal jurisdiction (D.E. 5).

4. On May 1, 2018, Plaintiff filed an Amended Complaint. (D.E. 9).

5. On May 3, 2018, the Court ruled that WWE's Motion to Dismiss was denied as moot since Plaintiff filed an amended Complaint. (D.E. 11).

6. Within the docket entry, Judge Scriven ruled that: "Defendant shall be free to reassert any of the challenges raised therein to the extent that they remain viable against the Amended Complaint." (D.E. 11).

7. Plaintiff's grounds for dismissal remain viable against the Amended Complaint and no new alleged facts or allegations within the Amended Complaint changes the grounds for dismissal.

## Grounds for Motion

WWE respectfully contends this Court lacks personal jurisdiction over WWE in connection with the claims alleged in the Plaintiff's complaint for the following reasons:

1. Several recent U.S. Supreme Court decisions have clarified the standards for the application of "general" (sometimes called "all purpose") personal jurisdiction and "specific" (sometimes called "case-linked") personal jurisdiction: Except in an "exceptional case," general personal jurisdiction over a corporation is limited to "the corporation's place of incorporation and its principal place of business." *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017). Specific personal jurisdiction is limited to where an affiliation exists "between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb Co. v. Superior Court of Calif.,* 137 S. Ct. 1773, 1781 (2017).

2. WWE is incorporated under the laws of the State of Delaware, with its principal place of business in the State of Connecticut. (See Delaware Department of State Division of

Corporations Entity Details attached as Exhibit A; See Connecticut Secretary of State Commercial Recording Division Business Details attached as Exhibit B).

3. This cause of action concerns alleged actions by co-defendant Thaddeus Michael Bullard, Sr. a/k/a Titus O'Neil kicking the plaintiff and causing injury that occurred in Virginia and not in Florida.

4. The Court does not have general or specific personal jurisdiction over this claim.

5. WWE is entitled under Rule 12(b)(2) to have this court dismiss the plaintiff's action for lack of personal jurisdiction over this Defendant.

6. Plaintiff's Amended Complaint does not change the conclusion that the Court lacks personal jurisdiction over WWE.

7. All of the facts set forth above are sworn to in the Affidavit of Brian Terwilliger, Vice President of Digital Development of World Wrestling Entertainment, Inc. (See affidavit attached as Exhibit C).

8. The law governing personal jurisdiction in this case is more fully explained in the attached Memorandum of Law below.

9. This motion is based on the pleadings and papers on file in this action, this motion, the accompanying memorandum of points and authorities, exhibits, the affidavit of Brian Terwilliger, and whatever evidence and argument is presented at the hearing of this motion.

### Memorandum of Points and Authorities

This case should be dismissed pursuant to Rule 12(b)(2) because there is no general or specific jurisdiction over the Defendant WWE. Rule 12(b)(2) states in relevant part the following: "(b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted

in the responsive pleading if one is required. But a party may assert the following defenses by motion: (2) lack of personal jurisdiction."

"Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014). "It has long been established that the Fourteenth Amendment limits the personal jurisdiction of state courts. . . . Because '[a] state court's assertion of jurisdiction exposes defendants to the State's coercive power,' it is subject to review for compatibility with the Fourteenth Amendment's Due Process Clause." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1779 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 918 (2011)).

Supreme Court jurisprudence has recognized "two types of personal jurisdiction: 'general' (sometimes called "all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. Several recent Supreme Court decisions have clarified the standards for the application of general and specific jurisdiction.

With regard to general jurisdiction, the Supreme Court has made clear that "[a] court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Daimler*, 571 U. S. at 127 (quoting *Goodyear*, 564 U.S. at 919). The Supreme Court has further clarified that the "paradigm" forums in which a corporate defendant is "at home," **"are the corporation's place of incorporation and its principal place of business."** *BNSF*, 137 S. Ct. at 1558 (emphasis added). The exercise of general jurisdiction in a forum other than a corporation's place of incorporation or its principal place of business is only permitted "in an 'exceptional case,' [when] a corporate defendant's operations in another forum may be so substantial and of such a nature as to render

the corporation at home in that State." *Id.* As an example of such an "exceptional case," the Supreme Court cited its holding in *Perkins* v. *Benguet Consol. Mining Co.*, 342 U. S. 437, in which war had forced the defendant corporation's owner to temporarily relocate the enterprise from the Philippines to Ohio. 342 U. S., at 447-448. Because Ohio then became "the center of the corporation's wartime activities," *Daimler*, 571 U. S., at 129, suit was proper there, *Perkins*, 342 U. S., at 448.

In contrast to general jurisdiction, "[i]n order for a court to exercise specific jurisdiction over a claim, there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Bristol-Myers Squibb Co.*, 137 S. Ct. at 1781 (quoting *Goodyear*, 564 U. S. at 919). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *See id.; see also Goodyear*, 564 U.S. at 919, n. 6, ("[E]ven regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales")."

Here, WWE is not subject to general or specific jurisdiction in Florida under the foregoing Supreme Court precedent. Evidently realizing that the allegations of the original Complaint failed to establish that this Court has personal jurisdiction over WWE, Plaintiff filed an Amended Complaint in which the substantive changes principally involved new jurisdictional allegations. The new jurisdictional allegations of the Amended Complaint, however, remain demonstrably insufficient to subject WWE to this Court's jurisdiction.

WWE is not subject to general jurisdiction because it is incorporated in Delaware and headquartered in Connecticut. Plaintiff alleges in his Amended Complaint that Florida is the principal place of business for WWE due to the presence of a training center (known as the

"Performance Center") located in Orlando, Florida. Plaintiff's Amended Complaint ignores the simple fact that WWE's corporate headquarters is located at 1241 East Main Street, Stamford, CT 06902 and its executive officers operate out of that Stamford, CT office. In this regard, WWE's Vice President of Digital Development, Brian Terwilliger, attests in his affidavit that WWE's principal place of business is in Stamford, Connecticut. (Ex. C). Further demonstrating that WWE's principal place of business is in Stamford, Connecticut, the Connecticut Secretary of State website identifies the "business address" of WWE as well as the "business address" of WWE's CEO, CFO and Vice President as 1241 East Main Street, Stamford, CT 06902. (Ex. B). WWE's filings with the Securities and Exchange Commission similarly identify WWE's "principal executive offices" as 1241 East Main Street, Stamford, CT 06902 and elsewhere identify WWE's "corporate offices" in Stamford, CT. (See WWE United States Securities and Exchange Commission, Form 10-K for the year ended December 31, 2017, attached as Exhibit D). Significantly, the very legal authorities cited in Plaintiff's Motion to Remand (Doc. 10 at 3-4) held that in determining a corporation's principal place of business, "[t]he word 'place' is in the singular, not the plural." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Thus, "a corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.* As established by WWE's filings with federal and state regulators, WWE's principal place of business is in Connecticut, and not Florida.

This also is not an "exceptional case" in which extraordinary circumstances forced WWE to temporarily relocate its business to Florida such that its operations in Florida are "so substantial and of such a nature as to render the corporation at home" in Florida as opposed to its paradigmatic bases for general jurisdiction in Connecticut or Delaware. WWE has consistently maintained its single principal place of business in Stamford, Connecticut. The fact that WWE operates the

Performance Center in Florida, or conducts other unrelated business activities in Florida, is irrelevant to the analysis. Indeed, in *BNSF*, the Supreme Court held that BNSF was not subject to general jurisdiction in Montana because it was not incorporated in Montana and did not maintain its principal place of business in Montana despite the fact that BNSF had over 2,000 miles of railroad track and more than 2,000 employees in Montana. Although BNSF engaged in extensive business activities in Montana, the Supreme Court ruled that BNSF was not "so heavily engaged in activity in Montana 'as to render [it] essentially at home' in that State." *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 571 U.S. at 139). That same reasoning equally applies in this case to preclude general jurisdiction over WWE in Florida. Notwithstanding Plaintiff's allegations regarding WWE's Performance Center in Florida, the Supreme Court has made clear that a corporation can have only one principal place of business. For WWE, that principal place of business is in Connecticut.

Likewise, WWE is not subject to specific jurisdiction because the activities on which the plaintiff's claims are based are alleged to have exclusively occurred in Virginia and not in Florida. As set forth in the accompanying affidavit of Brian Terwilliger, the activities at issue allegedly occurred in Richmond, Virginia during the taping of the WWE Network program "Swerved." Because there is no connection between Florida and the activities underlying the plaintiff's claims, the extent of WWE's unconnected activities in Florida are insufficient to establish specific jurisdiction as a matter of law. Thus, all of the new allegations of the Amended Complaint regarding WWE's Performance Center are completely immaterial to the issue of this Court's specific jurisdiction over WWE because Plaintiff's personal injury claims exclusively arise out of an alleged incident in Virginia and nothing that happened at WWE's Performance Center in Florida. The Supreme Court's recent decision in *Bristol-Myers Squibb* is again instructive.

Although five of the company's research and laboratory facilities which employed a total of approximately 160 employees was located in California, because the nonresident plaintiffs' claims did not arise out of any of Bristol-Myers Squibb's business in California or any other activities in California, the Supreme Court held that a California court could not exercise specific jurisdiction over the nonresident plaintiffs' claims. For similar reasons, Florida courts cannot exercise specific jurisdiction over the claims of nonresident plaintiff, Donald Anderson, which do not arise out of any activities of WWE in Florida. In particular, Plaintiff's claims do not arise out of any of the new allegations in his Amended Complaint regarding WWE's Performance Center in Florida; as such, those allegations cannot and do not change the conclusion that WWE is not subject to specific jurisdiction in this Court.

WHEREFORE, Defendant WWE respectfully moves this Honorable Court for entry of an Order dismissing Plaintiffs Amended Complaint with prejudice and for all other relief the Court deems just and proper.

Dated: May 14, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2018, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida, Tampa Division County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Derek L. Metts, Esq., Metts Legal, P.A., derek.metts@mettslegal.com, 607 N. Wymore Road, Winter Park, FL 32789, (321) 422-0430/(321) 422-0499 (F), Attorney for Plaintiff, Donald Anderson.

CASE NO.: 2018-CA-807-ES

                        COLE, SCOTT & KISSANE, P.A.
                        *Counsel for Defendant WORLD*
                        *WRESTLING ENTERTAINMENT, INC.*
                        4301 West Boy Scout Boulevard
                        Suite 400
                        Tampa, Florida 33607
                        Telephone (813) 864-9333
                        Facsimile (813) 286-2900
                        Primary e-mail: Dan.Shapiro@csklegal.com
                        Secondary e-mail: justin.saar@csklegal.com
                        Alternate e-mail:  alice.hartranft@csklegal.com

              By:   s/ Justin T. Saar
                      DANIEL A. SHAPIRO
                      Florida Bar No.:  965960
                      JUSTIN T. SAAR
                      Florida Bar No.:  70512

2138.0151-00/9858716