UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,  )  Case No. 8:18-cv-00901-MSS-AAS
         )
  Plaintiff,  )
         )
v.  )
         )
THADDEUS MICHAEL BULLARD  )
SR. a/k/a TITUS O'NEIL; and WORLD  )
WRESTLING ENTERTAINMENT, INC.,  )
         )
  Defendants.  )
_____)

## DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
## RESPONSE TO PLAINTIFF'S MOTION FOR REMAND

Defendant, World Wrestling Entertainment, Inc., (hereinafter "WWE") hereby files this Response in Opposition to Plaintiff's Motion to Remand with Incorporated Memorandum of Law and as grounds thereof would state as follows:

### Grounds for Denying Plaintiff's Motion

1. On March 30, 2018, Plaintiff served WWE with the original complaint in this action.

2. WWW timely filed its Notice of Removal of Cause on April 13, 2018, pursuant to 28 U.S.C. § 1441, and 28 U.S.C. § 1332. (Doc. 1).

3. On April 26, 2018, Plaintiff served co-defendant, Thaddeus Michael Bullard, Sr. (Motion to Remand, ¶ 4).

4. On April 27, 2018, this case was designated as a Track Two Case pursuant to Local Rule 3.05. (Doc. 6).

5. May 1, 2018, Plaintiff filed an amended complaint in this Court. (Doc. 9).

6. On May 3, 2018, Plaintiff filed his Motion to Remand with Incorporated Memorandum of Law ("Motion to Remand"). (Doc. 10).

7. Plaintiff alleges that the delay in perfecting service on Mr. Bullard was because WWE supposedly directed Mr. Bullard to be in Saudi Arabia. This unsubstantiated allegation is completely unfounded and contradicted by the Affidavit of Mark Carrano. (Affidavit of Mark Carrano attached as Exhibit A).

8. Plaintiff alleges that both Defendants are citizens of Florida and consequently WWE's removal supposedly violates the forum defendant rule.

9. WWE is not a citizen of Florida; it is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Connecticut. (See Delaware Department of State Division of Corporations Entity Details attached as Exhibit B; See Connecticut Secretary of State Commercial Recording Division Business Details attached as Exhibit C).

10. WWE's removal does not violate the forum defendant rule because WWE is not a citizen of Florida and Mr. Bullard was not "properly joined and served as [a] defendant[ ]" at the time that WWE removed this action to this Court. 28 U.S.C. § 1441(b)(2).

11. Plaintiff has waived or forfeited his right to seek remand by affirmatively filing an amended complaint in this Court.

12. WWE opposes Plaintiff's Motion to Remand and states that all requirements for this Court to properly exercise jurisdiction over this matter have been met and states as follows:

### Memorandum of Legal Authority

**A.** **Summary of Argument**

Plaintiff argues that this case should be remanded to state court because removal violates the forum defendant rule under 28 U.S.C. § 1441(b)(2). Plaintiff asserts that both WWE and Mr. Bullard are citizens of Florida.[1] Plaintiff's argument fails for three reasons. *First*, WWE is not a citizen of Florida; WWE is incorporated in the State of Delaware with its principal place of business in Stamford, Connecticut. As such, there is no forum defendant issue with respect to WWE. *Second*, Mr. Bullard was not "properly joined and served as [a] defendant[ ]" at the time that WWE removed this action to this Court. 28 U.S.C. § 1441(b)(2). The Middle District of Florida has adopted the "majority view" that "a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant." *North v. Precision Airmotive Corp.*, 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009); *see also Visalus, Inc. v. Knox*, No. 3:13-cv-107-J-99TJC-MCR, 2013 WL 3462176, at *1 (M.D. Fla. July 9, 2013). *Third*, "[i]t has long been the rule that a plaintiff waives or forfeits his right to seek remand if he affirmatively files an amended complaint or petition for relief in federal court after removal," as Plaintiff did here. *Bouverat v. Park West Gallery, Inc.*, No. 08-21331-CIV, 2008 WL 11332044, at *2 (S.D. Fla. Oct. 28, 2008) (citing *In re Moore*, 209 U.S. 490, 496 (1908).

B. **WWE's Principal Place of Business Is In Stamford, Connecticut**

---

[1] Aside from the forum defendant rule, Plaintiff's Motion to Remand also could be read to suggest that this Court lacks subject matter jurisdiction over this action under 28 U.S.C. § 1332. Plaintiff is incorrect under any circumstances. "When federal jurisdiction is based upon diversity, Plaintiff 'must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant.'" *Northern Trust Co. v. Antaramian*, No. 2:13-cv-549-FTM-38DNF, 2013 WL 5897379, at *1 (M.D. Fla. Nov. 1, 2013) (quoting *Travaglio v. Amer. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see also* 1 Moore's Manual — Federal Practice and Procedure § 5.50 (current through 2018) ("Under the requirement of complete diversity, all of the parties on the plaintiff's side of a case must be diverse from all of the parties on the defendant's side."). Because Plaintiff is a citizen of California, even assuming *arguendo* that WWE were a citizen of Florida — which it is not for the reasons explained herein — this Court nevertheless would have subject matter jurisdiction over this action because Plaintiff is diverse from each defendant.

Plaintiff argues in his Motion that WWE failed to establish its principal place of business in its Notice of Removal with "competent proof." Plaintiff concedes, however, that WWE pled in its Notice of Removal that it "is corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Connecticut. As such, as of the date of filing its Notice of Removal, WWE was and is a foreign corporation." Only after WWE filed its Notice of Removal, Plaintiff filed an Amended Complaint in this Court, asserting for the first time that a training center (known as the "Performance Center") in Orlando, Florida, supposedly makes Florida WWE's principal place of business under the Supreme Court's "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Plaintiff's assertion that Florida is WWE's principal place of business under the "nerve center" test is incorrect as a matter of fact and law.

As explained in WWE's Motion to Dismiss for lack of personal jurisdiction, Plaintiff ignores the simple fact that WWE's corporate headquarters is located at 1241 East Main Street, Stamford, CT 06902 and its executive officers operate out of that Stamford, CT office. In this regard, WWE's Vice President of Digital Development, Brian Terwilliger, attests in his affidavit in support of WWE's Motion to Dismiss that WWE's principal place of business is in Stamford, Connecticut. (Ex. D). Further demonstrating that WWE's principal place of business is in Stamford, Connecticut, the Connecticut Secretary of State website identifies the "business address" of WWE as well as the "business address" of WWE's CEO, CFO and Vice President as 1241 East Main Street, Stamford, CT 06902. (Ex. C). WWE's filings with the Securities and Exchange Commission similarly identify WWE's "principal executive offices" as 1241 East Main Street, Stamford, CT 06902 and elsewhere identify WWE's "corporate offices" in Stamford, CT. (See WWE United States Securities and Exchange Commission, Form 10-K for the year ended December 31, 2017, attached as Exhibit E). Significantly, the Supreme Court held in *Hertz* that

in determining a corporation's principal place of business, "[t]he word 'place' is in the singular, not the plural." *Hertz Corp.*, 130 S. Ct. at 1193. Thus, "a corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.* As established by WWE's filings with federal and state regulators, there is ample "competent proof" that WWE's principal place of business is in Connecticut, and not Florida.

### C. WWE's Removal DOES NOT violate the Forum Defendant Rule Because WWE Removed the Case Before Plaintiff served Mr. Bullard.

The forum defendant rule is derived from 28 U.S.C. § 1441(b), which governs the removal of a state action to federal court by a defendant. Section 1441(b)(2) provides:

> "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties in interest properly joined **and served** as defendants is a citizen of the State in which such action is brought.</u>" 28 U.S.C. 1441(b)(2). (Emphasis added).

Plaintiff concedes in his Motion to Remand that, at the time of WWE's removal on April 13, 2018, service had only been perfected on WWE. Mr. Bullard was not served until April 26, 2018. (Doc. 8-1).[2] Thus, at the time of removal, Mr. Bullard was properly joined but not served. Plaintiff's Motion to Remand inexplicably ignores the Middle District of Florida precedent adopting the "majority view" that "a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant." *North v. Precision Airmotive Corp.*, 600 F. Supp.

---

[2] Plaintiff's unsubstantiated assertion that the delay in serving Mr. Bullard was because he was in Saudi Arabia at the direction of WWE is completely unfounded, as explained by the Affidavit of Mark Carrano attached as Exhibit A. In point of fact, the WWE-produced show in Saudi Arabia did not occur until April 27, 2018 and, like the vast majority of other WWE wrestlers performing in that show, Mr. Bullard flew to Saudi Arabia on April 24, 2018. Mr. Bullard, however, was not in Saudi Arabia prior to April 24, 2018. Plaintiff's delay in perfecting service for over 3 1/2 weeks from the filing of the original complaint on March 30, 2018 through Mr. Bullard's departure on April 24, 2018 had nothing to do with the previously-planned WWE show in Saudi Arabia.

2d 1263, 1268 (M.D. Fla. 2009); *see also Visalus, Inc. v. Knox*, No. 3:13-cv-107-J-99TJC-MCR, 2013 WL 3462176, at *1 (M.D. Fla. July 9, 2013).

Specifically, in *North*, the plaintiff moved to remand an action that had been removed to the Middle District of Florida from the Seventh Judicial Circuit Court in and for Volusia County on the basis of the forum defendant rule because certain properly joined but unserved defendants were citizens of Florida. Judge Gregory A. Presnall noted that "[h]ewing closely to the unambiguous text of Section 1441(b), the majority of courts, including the Southern District of Florida, have concluded that a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant. *North*, 600 F. Supp. 2d at 1268 (collecting cases). In denying the motion to remand, Judge Presnall adopted the "majority rule" and held that a non-forum defendant may remove a state court action to federal based on diversity jurisdiction "notwithstanding the fact that the plaintiff has already joined — but not yet served — a forum defendant." *Id.* at 1270.

Judge Presnall's ruling in *North* was subsequently applied in *Visalus, Inc. v. Knox*. Plaintiff Visalus brought suit in the Fourth Judicial Circuit in and for Duval County, Florida, alleging claims for breach of contract and tortious interference arising out of Knox's departure from Visalus to go to work for Ocean Avenue.[3] Before being served with the Complaint, non-forum defendant Ocean Avenue removed the action to federal court based on 28 U.S.C. §§ 1332 and 1441(b), and Knox consented. Knox was served just two hours after Ocean Avenue filed its notice of removal. In its motion to remand, Visalus argued that removal was improper under the forum defendant rule.

---

[3] See case attached as Exhibit C.

Relying on *North*, Judge Timothy Corrigan denied Visalus's motion to remand based upon the plain meaning of 1441(b). Again noting that "a strict interpretation of 28 U.S.C. § 1441(b)(2) is the majority view," Judge Corrigan found that '[i]n *North*, Judge Presnell of this Court declined to rely on 'murky' or 'non-existent' legislative history when the language of the statute is 'perfectly clear and unambiguous.'" *Visalus*, 2013 WL 3462176, at *1. Accordingly, Judge Corrigan once more ruled that a non-forum defendant may remove a state court action based on diversity jurisdiction notwithstanding the fact that the plaintiff has joined, but not yet served, a forum defendant. *Id.*

This District's prior rulings in *North* and *Visalus* are squarely applicable here to bar the remand of this action to state court. It is indisputable that non-forum defendant WWE properly removed this case to federal court on the basis of diversity jurisdiction prior to Plaintiff's service on forum-defendant Mr. Bullard. On this record, the forum defendant rule does not preclude WWE's removal under the "majority view" and this District's precedent.

**D.     Plaintiff Has Waived or Forfeited His Right to Seek Remand By Affirmatively Filing An Amended Complaint in this Court**

Plaintiff has waived or forfeited his right to seek remand by affirmatively filing an amended complaint in this Court. "It has long been the rule that a plaintiff waives or forfeits his right to seek remand if he affirmatively files an amended complaint or petition for relief in federal court after removal." *Bouverat v. Park West Gallery, Inc.*, No. 08-21331-CIV, 2008 WL 11332044, at *2 (S.D. Fla. Oct. 28, 2008) (citing *In re Moore*, 209 U.S. 490, 496 (1908) (denying motion to remand because "[after the removal the plaintiff, instead of challenging the jurisdiction of the United States court by a motion to remand filed an amended petition in that court . . . . The mere filing of an amended petition was an appeal to that court for a trial upon the facts averred by him

as they might be controverted by the defendant.")); *see also Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528-29 (8th Cir. 1996) (affirming district court's denial of motion to remand because the plaintiff affirmatively sought leave to file a new complaint in federal court, noting that "[a] party that engages in affirmative activity in federal court typically waives the right to seek a remand"); *Johnson v. Odeco Oil & Gas Co.*, 864 F.2d 40, 42 (5th Cir. 1989) (finding the plaintiff waived the right to remand by taking affirmative action in the federal court, including "amend[ing] his complaint in federal court to join additional defendants").

Here, Plaintiff filed his amended complaint on May 1, 2018. (Doc. 9). Plaintiff did not file his motion to remand until May 3, 2018. (Doc. 10). By filing an amended complaint in this Court prior to moving to remand, Plaintiff engaged in affirmative activity in federal court that waives or forfeits his right to seek remand under the foregoing well-established authority.

WHEREFORE, Defendant WWE respectfully moves this Honorable Court for entry of an Order DENYING Plaintiffs Motion to Remand and for all other relief the Court deems just and proper.

Dated: May 17, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of May, 2018, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida, Tampa Division County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Derek L. Metts, Esq., Metts Legal, P.A., derek.metts@mettslegal.com, 607 N. Wymore Road, Winter Park, FL 32789, (321) 422-0430/(321) 422-0499 (F), Attorney for Plaintiff, Donald Anderson.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant WORLD WRESTLING ENTERTAINMENT, INC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: Dan.Shapiro@csklegal.com
Secondary e-mail: justin.saar@csklegal.com
Alternate e-mail: alice.hartranft@csklegal.com

By: s/ Justin T. Saar
DANIEL A. SHAPIRO
Florida Bar No.: 965960
JUSTIN T. SAAR
Florida Bar No.: 70512

2138.0151-00/9858716