10-K 1 wwe-20171231x10k.htm 10-K

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION

**WASHINGTON, D.C. 20549**

# FORM 10-K

☒ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the year ended December 31, 2017**

**or**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15 (d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**Commission file number 001-16131**

# WORLD WRESTLING ENTERTAINMENT, INC.

*(Exact name of Registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **04-2693383** |
| *(State or other jurisdiction of incorporation or organization)* | *(I.R.S. Employer Identification No.)* |

**1241 East Main Street**
**Stamford, CT 06902**
**(203) 352-8600**
*(Address, including zip code, and telephone number, including area code, of Registrant's principal executive offices)*

**SECURITIES REGISTERED PURSUANT TO SECTION 12(b) OF THE ACT**

| | |
|---|---|
| **Class A Common Stock, $.01 par value per share** | **New York Stock Exchange** |
| *(Title of each class)* | *(Name of each exchange on which registered)* |

**SECURITIES REGISTERED PURSUANT TO SECTION 12(g) OF THE ACT**

**None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of Securities Act. Yes ☒ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☒

Indicate by check mark whether the Registrant (1) has filed all reports required to be filed by Section 13 or 15 (d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports) and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files). Yes ☒ No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of Registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☒

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company or emerging growth company. See definitions of "large accelerated filer," "accelerated filer," "smaller reporting company" and "emerging growth company" in Rule 12b-2 of the Exchange Act.
(Check one):

| | | | | |
|---|---|---|---|---|
| Large accelerated filer ☒ | Accelerated filer ☐ | Non-accelerated filer ☐ | Smaller reporting company ☐ | Emerging growth company ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the Registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐ No ☒

DEFENDANT'S EXHIBIT E

Aggregate market value of the common stock held by non-affiliates of the Registrant at June 30, 2017 using our closing price on June 30, 2017 was $770,348,077.

As of February 6, 2018, the number of shares outstanding of the Registrant's Class A common stock, par value $0.01 per share, was 42,540,288 and the number of shares outstanding of the Registrant's Class B common stock, par value $0.01 per share, was 34,609,438 shares.

DOCUMENTS INCORPORATED BY REFERENCE

Portions of the Registrant's definitive proxy statement for the 2018 Annual Meeting of Stockholders are incorporated by reference in Part III of this Form 10-K.

Table of Contents

## TABLE OF CONTENTS


| | | Page |
|---|---|---|
| | **PART I** | |
| Item 1. | Business | 3 |
| Item 1A. | Risk Factors | 10 |
| Item 1B. | Unresolved Staff Comments | 20 |
| Item 2. | Properties | 20 |
| Item 3. | Legal Proceedings | 20 |
| Item 4. | Mine Safety Disclosures | 22 |
| | **PART II** | |
| Item 5. | Market for Registrant's Common Equity, Related Stockholder Matters and Issuer Purchases of Equity Securities | 23 |
| Item 6. | Selected Financial Data | 25 |
| Item 7. | Management's Discussion and Analysis of Financial Condition and Results of Operations | 26 |
| Item 7A. | Quantitative and Qualitative Disclosures about Market Risk | 47 |
| Item 8. | Financial Statements and Supplementary Data | 47 |
| Item 9. | Changes in and Disagreements with Accountants on Accounting and Financial Disclosures | 48 |
| Item 9A. | Controls and Procedures | 48 |
| Item 9B. | Other Information | 50 |
| | **PART III** | |
| Item 10. | Directors, Executive Officers and Corporate Governance | 50 * |
| Item 11. | Executive Compensation | 50 * |
| Item 12. | Security Ownership of Certain Beneficial Owners and Management and Related Stockholder Matters | 50 * |
| Item 13. | Certain Relationships and Related Transactions, and Director Independence | 50 * |
| Item 14. | Principal Accountant Fees and Services | 50 * |
| | **PART IV** | |
| Item 15. | Exhibits and Financial Statement Schedules | 50 |
| Item 16. | Form 10-K Summary | 52 |


* Incorporated by reference from the Registrant's Proxy Statement for the 2018 Annual Meeting of Stockholders (the "Proxy Statement").

Table of Contents

### *Item 1B. Unresolved Staff Comments*

None.

### *Item 2. Properties*

We have executive offices, television and music recording studios, post-production operations and warehouses at locations in or near Stamford, Connecticut. We also have sales offices in New York, Orlando, Atlanta and Chicago and have international offices in London, Tokyo, Shanghai, Mumbai, Munich, Mexico, Singapore, and Dubai. We own three buildings in which our executive and administrative offices, our television and music recording studios and our production operations are located. We lease space for our sales offices, WWE Studios office and other facilities.

Our principal properties consist of the following:

| Facility | Location | Square Feet | Owned/ Leased | Expiration Date of Lease |
|---|---|---|---|---|
| Corporate offices | Stamford, CT | 94,200 | Owned | — |
| Warehouse space | Norwalk, CT | 121,500 | Leased | January 2020 |
| Production facilities, office and warehouse space | Stamford, CT | 203,200 (1) | Owned | — |
| Corporate offices | Stamford, CT | 33,100 | Leased | Various through May 2020 |
| WWE Performance Center and warehouse space | Orlando, FL | 47,800 | Leased | Various through November 2020 |
| Sales offices | Various | 28,200 | Leased | Various through December 2026 |
| WWE Studios office | Los Angeles, CA | 13,200 | Leased | April 2020 |
| Warehouse space | Stamford, CT | 5,600 | Leased | December 2026 |

(1) Includes 96,200 square feet of space leased to other tenants within the office building.

All of the facilities listed above are utilized in our Media Division, in Live Events, in our Consumer Products Division and in our Corporate and Other segment, with the exception of the WWE Studios office in Los Angeles, which primarily focuses on our WWE Studios segment.

### *Item 3. Legal Proceedings*

On October 23, 2014, a lawsuit was filed in the U. S. District Court for the District of Oregon, entitled William Albert Haynes III, on behalf of himself and others similarly situated, v. World Wrestling Entertainment, Inc. This complaint was amended on January 30, 2015 and alleged that the Company ignored, downplayed, and/or failed to disclose the risks associated with traumatic brain injuries suffered by WWE's performers and seeks class action status. On March 31, 2015, the Company filed a motion to dismiss the first amended class action complaint in its entirety or, if not dismissed, to transfer the lawsuit to the U.S. District Court for the District of Connecticut. Without addressing the merits of the Company's motion to dismiss, the Court transferred the case to Connecticut on June 25, 2015. The plaintiffs filed an objection to such transfer, which was denied on July 27, 2015. On January 16, 2015, a second lawsuit was filed in the U. S. District Court for the Eastern District of Pennsylvania, entitled Evan Singleton and Vito LoGrasso, individually and on behalf of all others similarly situated, v. World Wrestling Entertainment, Inc., alleging many of the same allegations as Haynes. On February 27, 2015, the Company moved to transfer venue to the U.S. District Court for the District of Connecticut due to forum-selection clauses in the contracts between WWE and the plaintiffs and that motion was granted on March 23, 2015. The plaintiffs filed an amended complaint on May 22, 2015 and, following a scheduling conference in which the court ordered the plaintiffs to cure various pleading deficiencies, the plaintiffs filed a second amended complaint on June 15, 2015. On June 29, 2015, WWE moved to dismiss the second amended complaint in its entirety. On April 9, 2015, a third lawsuit was filed in the U. S. District Court for the Central District of California, entitled Russ McCullough, a/k/a "Big Russ McCullough," Ryan Sakoda, and Matthew R. Wiese a/k/a "Luther Reigns," individually and on behalf of all others similarly situated, v. World Wrestling Entertainment, Inc., asserting similar allegations to Haynes. The Company again moved to transfer the lawsuit to Connecticut due to forum-selection clauses in the contracts between WWE and the plaintiffs, which the California court granted on July 10, 2015. On

September 21, 2015, the plaintiffs amended this complaint and, on November 16, 2015, the Company moved to dismiss the amended complaint. Each of these suits seeks unspecified actual, compensatory and punitive damages and injunctive relief, including ordering medical monitoring. The Haynes and McCullough cases purport to be class actions. On February 18, 2015, a lawsuit was filed in Tennessee state court and subsequently removed to the U.S. District Court for the Western District of Tennessee, entitled Cassandra Frazier, individually and as next of kin to her deceased husband, Nelson Lee Frazier, Jr., and as personal representative of the Estate of Nelson Lee Frazier, Jr. Deceased, v. World Wrestling Entertainment, Inc. A similar suit was filed in the U. S. District Court for the Northern District of Texas entitled Michelle James, as mother and next friend of Matthew Osborne, minor child, and Teagan Osborne, a minor child v. World Wrestling Entertainment, Inc. These lawsuits contain many of the same allegations as the other lawsuits alleging traumatic brain injuries