UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,   Case No.: 8:18-cv-00901-MSS-AAS

    Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

    Defendants.

_____ /

## PLAINTIFF'S RESPONSE TO DEFENDANT, WORLD WRESTLING ENTERTAINMENT, INC.'S MOTION TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW

    Plaintiff, DONALD ANDERSON, by and through undersigned counsel, files his Response in Opposition to Defendant, WORLD WRESTLING ENTERTAINMENT, INC.'S, Motion to Dismiss with Incorporated Memorandum of Law (Doc. 17), and in support, states the following:

### INTRODUCTION

    Plaintiff initiated this action against Defendant, WORLD WRESTLING ENTERTAINMENT, INC. ("WWE") as a result of Plaintiff being physically attacked by the WWE's employee and/or agent, Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("O'NEIL"). The claims alleged in the Amended Complaint (Doc. 9) against the WWE are vicarious and direct liability claims. The vicarious liability claims alleged against the WWE are claims for (1) Battery, (2) Assault, (3) Intentional Infliction of Emotional Distress, and (4) Negligent Infliction of Emotional Distress, under the theory of Respondeat Superior. The direct liability claims are for (1) Negligence, (2) Gross Negligence, and (3) Negligent

Retention, Training and Supervision. In response to the Amended Complaint, the WWE has filed its Motion to Dismiss (Doc. 17) solely arguing that it is not subject to personal jurisdiction in Florida for the claims alleged.

## ARGUMENT

### I. *This Court Has Personal Jurisdiction Over the WWE*

A plaintiff must allege a *prima facie* case of personal jurisdiction. <u>Louis Vuitton Malletier, S.A. v. Mosseri</u>, 736 F.3d 1339, 1351 (11th Cir. 2013). "[T]he plaintiffs' factual allegations are accepted as true, unless those allegations are contested by a defendant's affidavit." <u>R&R Games, Inc. v. Fundex Games, Ltd.</u>, 2013 WL 3729309, 2013 U.S. Dist. LEXIS 97621, at *5 (M.D. Fla. July 12, 2013) (citing <u>Madara v. Hall</u>, 916 F.2d 1510, 1514 (11th Cir. 1990)). The burden is then on the defendant to submit an affidavit that "must contain specific factual declarations within the affiant's personal knowledge" that rebut personal jurisdiction. <u>Louis Vuitton Malletier</u>, S.A, 736 F.3d at 1351; <u>Kitroser v. Hurt</u>, 85 So.3d 1084, 1087 (Fla. 2012). "If a defendant fully refutes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove the basis for jurisdiction." <u>Kitroser</u>, 85 So.3d at 1087. If jurisdiction is contested, "all reasonable inferences are drawn in favor of the plaintiff." *R&R Games*, 2013 U.S. Dist. LEXIS 97621, at *5. That is because in reviewing a motion to dismiss for lack of personal jurisdiction, a court should not dismiss the plaintiff's claims "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish personal jurisdiction over the defendants." *Moltz v. Seneca Balance, Inc.*, 606 F. Supp. 612, 614 (S.D. Fla. 1985) (citing <u>McKinnis v. Mosely</u>, 693 F.2d 1054, 1058 (11th Cir. 1982)).

In deciding a Motion to Dismiss based on personal jurisdiction, the Court engages in a two-step analysis: first, the Court must determine if jurisdiction is authorized under Florida's

longarm statute and then the Court must determine if an exercise of jurisdiction comports with traditional notions of fair play and substantial justice under the Due Process clause of the Fourteenth Amendment. *See, e.g., Shells & Fish Import & Export Co. v. Process Engineering and Fabrication, Inc.*, 2013 U.S. Dist. LEXIS 182639, *4 (S.D. Fla. 2013) (c*iting Future Tech Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000)); *In re W. Caribbean Crew Members*, 2009 U.S. Dist. LEXIS 34306, *5 (S.D. Fla. 2009) (*citing Mutual Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004)). In the present case, Plaintiff has met the requirements of both steps of the analysis.

### II. *Florida Long Arm Statute*

To meet his initial burden, Plaintiff may plead the basis for service in the language of the applicable statute without pleading the supporting facts. *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)(citing *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988)); *Venetian Salami*, 554 So. 2d at 502. Plaintiff may satisfy this initial showing by alleging the basis for jurisdiction, citing the statutory language of Fla. Stat. § 48.193(1) or (2). The WWE's Motion to Dismiss does not assert that Plaintiff failed to meet this initial burden as Plaintiff has pled that jurisdiction is authorized under the following specific provisions of the Florida Long Arm Statute, Fla. Stat. § 48.193:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
>> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
>>
>> 2. Committing a tortious act within this state.
>
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from

that activity.

In the present case, WWE's actions meet each of these bases for the exercise of jurisdiction.

> **A. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state and *committing a tortious act within this state*.**

The allegations against the WWE, in part, arise from the WWE's business operations in Florida. Specifically, the claims against WWE for its negligent retention, training and supervision occurred at its Performance Center in Orlando, Florida. *See*, Amended Complaint ¶¶ 5e, m, n, and o, 12, and 101. Also, the vicarious liability counts for Battery, Assault, and Negligent and Intentional Infliction of Emotional Distress against WWE rely on the allegations that O'NEIL'S violent propensities were enhanced, encouraged, trained, approved and promoted by the WWE in Orlando, Florida. *Id*. ¶¶ 5e and n, 60, 66, 71, 77, 104, and 115. Further, the preparation for the WWE show being filmed at the time the assault took place was conducted in Orlando, Florida, which partially forms the basis for the Negligence and Gross Negligence claims alleged against the WWE. *Id*. ¶¶ 5e, m, and o, 12, 82, and 89. Accordingly, jurisdiction over the WWE is authorized under Fla. Stat. § 48.193(1)(a)1 and 2.

> **B. *A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.***

Florida law provides that a "defendant who is engaged in substantial and not isolated activity in this state is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). In order to establish that a defendant is carrying on a business for purposes of Florida's long-arm statute, a defendant's activities must be considered collectively and must demonstrate a general course of business activity in the state for pecuniary benefit. <u>Sculptchair, Inc. v. Century Arts, Ltd.</u>, 94 F.3d 623, 627 (11th Cir. 1996).

The WWE is clearly engaged in substantial activities within the State of Florida through its Performance Center. The opening of this facility was so substantial, and not an isolated event, that the Governor of Florida, Orange County Commissioner, and City of Orlando Commissioners were all a part of this event. *See*, Excerpts from the WWE Performance Center Opening Day Press Conference ("Press Conference"), 9:20 – 10:19, attached hereto as **Exhibit "A."** The WWE Executive Vice President of Talent and Live Development, Paul Levesque, referred to the facility as "a new beginning and milestone" and "the guaranteed success and future of the WWE." *Id*. 2:18-19; 9:9-11. Xavior Woods, an agent of the WWE, referred to the Orlando facility as the WWE's "home" and stated they "are very privileged to live here." *Id*. 18:23-25. Further, the WWE's Executive Vice President of Creative, Stephanie McMahon stated that the Orlando facility "is the foundation for the future of the WWE" and "is the future of our business . . . ." *Id*. 26:23-24; 27:14:16. These facts were alleged within the Amended Complaint and not challenged within the WWE's Motion to Dismiss.

In addition to the Performance Center, the WWE has maintained an active registration with the Florida Department of State to conduct business since 1988 and has a registered agent in Florida for service of process. Attached hereto as **Exhibit "B"** is a copy of the Sunbiz record for the WWE  These facts were also alleged within the Amended Complaint and not challenged within the WWE's Motion to Dismiss. Accordingly, jurisdiction over the WWE is authorized under Fla. Stat. § 48.193(2).

### III. *The Due Process Analysis Supports a Finding of Jurisdiction.*

Once a court is satisfied that Florida's long arm statute authorizes jurisdiction over the WWE, the court must also determine whether an exercise of jurisdiction over the WWE comports with the Due Process requirements of the Fourteenth Amendment. The due process inquiry is two-fold: (1) a nonresident defendant must possess minimum contacts with the forum;

such that (2) maintenance of the suit comports with traditional notions of fair play and substantial justice. *Asahi Metal Industry Co., Ltd. v. Superior Court of Cal.*, 40 U.S. 102, 107 S.Ct. 1026 (1987). Here, there are sufficient minimum contacts between the WWE and Florida to ensure that the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

### a) *Minimum Contacts*

Courts may exercise personal jurisdiction over defendants under either (1) general jurisdiction based on systematic and continuous contacts with the forum state, regardless of whether the cause of action is related to those contacts; or (2) specific jurisdiction based on forum-related activities where the relationship between the forum, the defendant, and the cause of action satisfy minimum contacts. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984) (citation omitted).

### General Jurisdiction

"For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear,* 564 U.S., at 924, 131 S.Ct. 2846. A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *Id.,* at 919, 131 S.Ct. 2846.

Based upon the WWE's own words through its agent and executives, the WWE is at "home" in Florida. As stated above, the WWE engages in substantial actives within the state of Florida through its Performance Center. Plaintiff acknowledges that "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State." *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct.

1773, 1779-80 (2017) (*quoting Daimler,* 571 U.S., at ------, 134 S.Ct., at 760.).  However, the WWE is not just conducting business in Florida, the Orlando facility is the "foundation" of the WWE and is the core to its success.  Without the training that is provided at the Performance Center, the WWE has "absolutely nothing." *See*, Press Conference 2:8-11.  Accordingly, the general jurisdiction portion of the analysis is satisfied.

*Specific Jurisdiction*

Pursuant to specific jurisdiction, a defendant that has isolated and sporadic contact with Florida may still be subject to suit in Florida if the defendant purposefully directed its activities towards Florida and the suit arises out of, or is related to those activities. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 476 (1986).  A claim "relates to" a defendant's forum conduct if it has a "connect[ion] with" that conduct. *International Shoe*, 326 U.S., at 319, 66 S.Ct. 154. Bristol Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1786 (2017).  The key inquiry is whether, given the defendant's conduct, the defendant could reasonably foresee being haled into court in the forum state. World- Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 811 (11th Cir. 2010).

Here the WWE purposefully directed its training activities be conducted within Florida at its Performance Center and considers Orlando to be the WWE's "home."  These training activities, as stated above, have a major connection to the claims being brought directly against the WWE.  Given the magnitude of the WWE's presence in Orlando, Florida and the extensive training that occurs there, it should be of no surprise to the WWE that they are being haled into court in this state and specifically this district.

### b)  *Fair Play and Substantial Justice*

Finally, WWE cannot show that interests of "fair play and substantial justice" counsel

against jurisdiction in this Court. In this prong, the court considers: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton Malletier, S.A.*, 736 F.3d at 1358 (quoting Lovelady, 544 F.3d at 1288).

Here, the burden on the WWE is minimal: WWE'S "regional home" is in Florida; the WWE's agent who assaulted Plaintiff is in Florida; and the WWE has extensive contacts with Florida. Florida has a strong interest in adjudicating this dispute since the negligent training alleged in the Amended Complaint occurred in this state. *See*, e.g., *Keeton*, 465 U.S. at 776 ("A state has an especial interest in exercising judicial jurisdiction over those who commit torts within its territory."). Plaintiff's interest in obtaining complete and effective relief supports jurisdiction in Florida as well because the intentional tortfeasor resides in Florida and causing Plaintiff to litigate the same action in two (2) separate states would add delay and expense. Finally, the interests of judicial efficiency counsel against transferring this case -- with the attendant delay that such a transfer would bring.

## CONCLUSION

For the reasons stated hereinabove, Defendant's Motion to Dismiss should be denied in its entirety. If, for some reason, the Court believes the Plaintiff has not provided a prima facie showing of jurisdiction, the Plaintiff requests leave to conduct jurisdictional discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on this 23rd day of May, 2018 through electronic mail to **Justin T. Saar, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at dan.shapiro@csklegal.com, justin.saar@csklegal.com, and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and by U.S. Mail to Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, at 19117 Long Lake Ranch Blvd., Lutz, Florida 33558.

/s/*Derek Metts*
**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.: 321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*