UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,                    Case No.: 8:18-cv-00901-MSS-AAS

    Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

    Defendants.

_____ /

**PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY**[1]

Plaintiff, DONALD ANDERSON, by and through undersigned counsel respectfully seeks leave from the Court to conduct limited jurisdictional discovery regarding the allegations made by Defendant, WORLD WRESTLING ENTERTAINMENT, INC., in its Notice of Removal (Doc. 1) and Motion to Dismiss with Incorporated Memorandum of Law (Doc. 17) and any evidence filed in support, and in support, states the following:

**INTRODUCTION**

1. On March 21, 2018, Plaintiff initiated this action against Defendants, WORLD WRESTLING ENTERTAINMENT, INC. ("WWE") and THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("O'NEIL"), in the Circuit Court for the Sixth Judicial Circuit, in and for Pasco County, Florida.

2. On March 30, 2018, WWE was served with the Complaint.

---

[1] This Motion would be moot in the event the Court grants Plaintiff's Motion to Remand and denies WWE's Motion to Dismiss based upon the current filings.

3. In response to the Complaint, on April 13, 2018, WWE filed its Notice of Removal removing the case to Federal Court claiming federal diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

4. After six (6) attempts, on April 26, 2018, Defendant, THADDEUS MICHAEL BULLARD, SR. a/k/a TITUS O'NEIL ("O'NEIL"), was served, by substitute serve, with the Complaint, *See* (Doc. 8).

5. On May 1, 2018, Plaintiff filed his Amended Complaint (Doc. 9).

6. On May 3, 2018, Plaintiff filed his Motion to Remand (Doc. 10).

7. On May 14, 2018, WWE filed its Motion to Dismiss with Incorporated Memorandum of Law (Doc. 17)("Motion to Dismiss").  Within the Motion to Dismiss, WWE claims the Court lacks personal jurisdiction over the WWE.

8. Plaintiff is filing his Response to the WWE's Motion to Dismiss simultaneously with this Motion for Jurisdictional Discovery.

9. For the reason set forth in detail below and in the event the Court is inclined to deny Plaintiff's Motion to Remand or grant WWE's Motion to Dismiss based on the current filings, Plaintiff is respectfully requesting leave of Court to conduct jurisdictional discovery related to the allegations raised within WWE's Notice of Removal and Motion to Dismiss, and in order to further support Plaintiff's Motion to Remand.

10. In addition, Plaintiff is requesting the Court withhold ruling on WWE's Motion to Dismiss until jurisdictional discovery is completed.  In an abundance of caution, Plaintiff is filing his response to WWE's Motion to Dismiss.  However, Plaintiff would also request leave of Court to supplement his response to the Motion to Dismiss with any additional supporting facts discovered through jurisdictional discovery.

## MEMORANDUM OF LAW

The Eleventh Circuit has consistently recognized that a plaintiff may conduct jurisdictional discovery to create a record on the issue of jurisdiction. "It is now clear that federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Development, Inc.*, 692 F.2d 727, 734 (11th Cir. 1982)(citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13; *Washington v. Norton Manufacturing Co.*, 588 F.2d 441, 443 (5th Cir.), cert. denied, 442 U.S. 942 (1979); (8 C. Wright & A. Miller, Federal Practice and Procedure § 2009).

In analyzing the degree to which courts have discretion to grant or deny a request for jurisdictional discovery, the Eleventh Circuit indicated that the "better view" is that the decision is not entirely discretionary, quoting the following language from a 1973 law review article:

> In the final analysis, a court does not have discretion to grant or deny a request for jurisdictional discovery [when jurisdictional facts are in dispute]. Rather, it is appropriate to speak in terms of a qualified "right" to jurisdictional discovery when a court's jurisdiction is genuinely in dispute. In order to satisfy the Federal Rules' implicit policy that cases be decided on the merits, a court should order discovery while protecting the defendant's interests where necessary through a Rule 26(c) protective order.  Thus, the element of discretion, if any, exists not with respect to whether there will be jurisdictional discovery, but rather only with respect to the form that the discovery will take.

*Eaton*, 692 F.2d at 730 n7 (citing Note, The Use of Discovery to Obtain Jurisdictional Facts, 59 Va. L. Rev. 533, 546-47 (1973)(footnotes omitted)(emphasis added)).

Further, procedural due process requires this discovery. As stated in the Fifth Amendment of the Constitution of the United States, "No person shall be … deprived of life, liberty, or property, without due process of law." It is axiomatic that procedural due process requires that parties whose rights are affected must have an opportunity to be heard in a meaningful manner. *Fuentes v. Shevin*, 407 U.S. 67, 80 (1972).

Without discovery, Plaintiff has limited ability to rebut the factual assertions advanced by

WWE within its Notice of Removal and Motion to Dismiss, and to further support Plaintiff's Motion to Remand. Ultimately, the Court will also be hindered in determining the facts relating to jurisdiction. "Resolution of a pretrial motion that turns on findings of fact -- for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) -- may require some limited discovery before a meaningful ruling can be made." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). Other Eleventh Circuit and district court opinions recognize the availability of jurisdictional discovery on the issue of personal jurisdiction. *Prophet v. International Lifestyles, Inc.*, 447 Fed. Appx. 121 (11th Cir. 2011)(Plaintiffs "failed to rebut [the evidence regarding lack of contacts with Florida] even though they were on notice that [Defendant] contested personal jurisdiction and they had ample time to conduct jurisdictional discovery."); *Cartel Asset Management, Inc. v. Altisource Portfolio Solutions, S.A.*, 2012 WL 39559 (N.D. Ga. 2012)("The Court grants the Plaintiff's Motion to Permit Jurisdictional Discovery for the limited purpose of ascertaining whether APS' subsidiaries are "merely ... agent[s] through which [APS] conducts [its BPO] business.").

In addition, Plaintiff should be given the opportunity to conduct discovery in order to analyze the veracity of the statements made by WWE. The facts that Plaintiff has discovered through his preliminary investigation certainly suggest that the WWE could be considered a citizen of Florida (*See*, Amended Complaint ¶ 5a – r.), which would cause the removal of this case to be inappropriate pursuant to 28 U.S.C. § 1441(b)(2) ("[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.") and would provide personal jurisdiction in Florida over the WWE. Moreover, the WWE is in possession of the vast majority of information

pertinent to the issue of personal and federal jurisdiction. For all of these reasons, jurisdictional discovery is appropriate here.

WHEREFORE, Plaintiff, DONALD ANDERSON, respectfully requests that this Honorable Court grant the following relief:

1. Grant Plaintiff's Motion to Remand and/or deny the WWE's Motion to Dismiss;

2. In the event the Court is inclined to deny the Motion to Remand or grant the WWE's Motion to Dismiss based on the current filings, then:

   a. Allow jurisdictional discovery related to the allegations raised within WWE's Notice of Removal and Motion to Dismiss, and to further support Plaintiff's Motion to Remand;

   b. Allow Plaintiff to supplement his Motion to Remand and Plaintiff's Response to WWE's Motion to Dismiss upon completion of the jurisdictional discovery;

   c. Withhold ruling on WWE's Motion to Dismiss and Plaintiff's Motion to Remand until Plaintiff has completed jurisdictional discovery and has had an opportunity to supplement his Motion to Remand and Response to WWE's Motion to Dismiss; and

   d. For such further relief that this Honorable Court deems just and appropriate.

### RULE 3.01(g) CERTIFICATION

Undersigned counsel hereby certifies that undersigned conferred with counsel for Defendant, WORLD WRESTLING ENTERTAINMENT, INC., on May 2, 2018 and was advised that the WWE is not agreeable to jurisdictional discovery.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on this 23rd day of May, 2018 through electronic mail to **Justin T. Saar, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at dan.shapiro@csklegal.com, justin.saar@csklegal.com, and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and by U.S. Mail to Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, at 19117 Long Lake Ranch Blvd., Lutz, Florida 33558.

/s/ *Derek Metts*
**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.: 321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*