UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,                          )          Case No. 8:18-cv-00901-MSS-AAS
                                          )
    Plaintiff,                            )
                                          )
v.                                        )
                                          )
THADDEUS MICHAEL BULLARD                   )
SR. a/k/a TITUS O'NEIL; and WORLD          )
WRESTLING ENTERTAINMENT, INC.,            )
                                          )
    Defendants.                           )
_____   )

### DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC.'S
### RESPONSE TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

    Defendant, World Wrestling Entertainment, Inc., (hereinafter "WWE") hereby files this

Response in Opposition to Plaintiff's Motion for Jurisdictional Discovery (Doc. 20) as follows:

### Grounds for Denying Plaintiff's Motion

1. On March 30, 2018, Plaintiff served WWE with the original complaint.

2. WWW timely filed its Notice of Removal of Cause on April 13, 2018, pursuant to 28 U.S.C.
   § 1441, and 28 U.S.C. § 1332. (Doc. 1).

3. On May 1, 2018, Plaintiff filed his Amended Complaint (Doc. 9).

4. On May 3, 2018, Plaintiff filed his Motion to Remand with Incorporated Memorandum of
   Law ("Motion to Remand"). (Doc. 10).

5. On May 15, 2018, WWE filed its Motion to Dismiss for Lack of Personal Jurisdiction. (Doc.
   17).

6. On May 17, 2018, WWE filed its Response in Opposition to Plaintiff's Motion to Remand. (Doc. 18).

7. On May 23, 2018, Plaintiff filed the instant Motion for Jurisdictional Discovery. (Doc. 20).

8. Within in the Motion for Jurisdiction Discovery, Plaintiff alleges that he should be permitted to conduct jurisdictional discovery to establish the Court's jurisdiction over WWE. (Doc. 20, ¶ 9).

9. Plaintiff claims that WWE is a citizen of Florida because WWE operates a training facility in Orlando, Florida.

10. WWE is not a citizen of Florida; it is a corporation organized under the laws of the State of Delaware, with its principal place of business in the State of Connecticut. (See Delaware Department of State Division of Corporations Entity Details, attached as Exhibit B to WWE's Motion to Dismiss; see Connecticut Secretary of State Commercial Recording Division Business Detail, attached as Exhibit D to WWE's Motion to Dismiss).

11. As explained at length in WWE's Motion to Dismiss with Incorporated Memorandum of Law, this Court lacks personal jurisdiction over WWE:  (a) WWE is not subject to this Court's general jurisdiction because it is a Delaware corporation with its principal place of business in Connecticut; and (b) WWE is not subject to this Court's specific jurisdiction because Plaintiff's cause of action concerns alleged actions by co-defendant Thaddeus Michael Bullard, Sr. a/k/a Titus O'Neil kicking the plaintiff and causing injury that occurred in Virginia and not in Florida.

12. WWE opposes Plaintiff's Motion for Jurisdictional Discovery because the requested discovery could not and would not change the foregoing facts and consequently the conclusion that this Court lacks jurisdiction over WWE.  Such discovery, therefore, would be futile.

COLE, SCOTT & KISSANE, P.A.
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

## Memorandum of Legal Authority

Plaintiff's request for jurisdictional discovery is unavailing because he has not shown that further discovery is likely to change the conclusion that the Court lacks personal jurisdiction over WWE.

Contrary to Plaintiff's mischaracterization of the governing legal standard, the taking of jurisdictional discovery is, by no means, an automatic right. *See Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 792 (11th Cir. 2017); *see also Hinkle v. Continental Motors, Inc.*, 268 F. Supp. 3d 1312, 1328 (M.D. Fla. 2017). To the contrary, "jurisdictional discovery is 'not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing [of] personal jurisdiction." *Hinkle*, 268 F. Supp. 3d at 1327-28 (quoting *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 *(S.D. Fla. 2009)); *see also Owens v. Kristen Gerhard Jebsen Skipsrederi A/S*, 2008 WL 4067431, at *5 (M.D. Fla. Aug. 27, 2008) ("jurisdictional discovery is not freely granted"). Instead, the Eleventh Circuit has made clear that jurisdictional discovery is available only "when a court's jurisdiction is genuinely in dispute." *Wolf*, 683 Fed. Appx. at 792 (citations omitted).

A "jurisdictional question is genuinely in dispute [when] the court cannot resolve the issue" without additional evidence. *Evans v. Wurkin Stiffs, Inc.*, 2016 WL 8793339, at *5 (S.D. Fla. 2016). Genuinely disputed facts "must be sufficiently material to warrant jurisdictional discovery." *Id.* (quoting *Bernardele*, 608 F. Supp. 2d at 1321). Thus, to be entitled to jurisdictional discovery, the plaintiff must proffer affidavits or other competent evidence to rebut the evidence submitted by the defendant in order to create a "genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Hinkle*, 268 F. Supp. 3d at 1328. Jurisdictional discovery "is not a vehicle for a fishing expedition in hopes that discovery will sustain the exercise of personal jurisdiction." *Encore Select, Inc. v. Great Atlantic & Pacific Tea Co.*, 2014 WL 2548176, at *1 (M.D. Fla. Jun. 5,

COLE, SCOTT & KISSANE, P.A.
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

2014) (denying jurisdictional discovery where "the plaintiff in this action identifies no disputed fact; the plaintiff 'merely has a hunch that there may be facts — or a desire to find out if there are any facts — that justify the exercise of personal jurisdiction. On this basis, the plaintiff has not shown it is entitled to jurisdictional discovery.") (citations omitted); *see also Zapata v. Royal Caribbean Cruises, Ltd.*, 2013 WL 1100028, at *4 (S.D. Fla. Mar. 15, 2013) (denying jurisdictional discovery where plaintiff "has proffered no evidence to establish jurisdiction in opposition to the denials presented by [the defendant]" and merely asserted, as Plaintiff does here that "he cannot respond to these jurisdictional allegations or test the veracity of [the defendant's] statements without the benefit of discovery").

Judge Honeywell's opinion in Hinkle is particularly instructive for this case. In Hinkle, Judge Honeywell granted the defendants' motion to dismiss for lack of personal jurisdiction based on the same recent U.S. Supreme Court cases cited by WWE here. See Hinkle, 268 F. Supp. 2d at 1317 ("[T]he Supreme Court recently clarified the standard for general and specific jurisdiction. It reiterated that for general jurisdiction, the paradigm forum for a corporation is an equivalent place where the corporation is fairly regarded as 'at home;' and for specific jurisdiction the suit must arise out of or relate to the defendant's contacts with the forum. Neither standard is met in this case."). After finding that the defendants were not subject to general or specific jurisdiction in Florida — specifically, that they were not subject to general jurisdiction because "neither entity is incorporated or has its principal place of business here, id. at 1327, and they were not subject to specific jurisdiction because neither defendant "'committed a tortious act' in Florida to confer personal jurisdiction," id. at 1324-25 — Judge Honeywell further denied the plaintiffs' request for jurisdictional discovery because the plaintiffs "did not submit affidavits or any other competent

evidence that rebutted [the defendants'] affidavits and, therefore, "there is no genuine dispute on a material jurisdictional fact to warrant jurisdictional discovery." *Id.* at 1328.

Courts in the Middle District of Florida have generally concluded that foreign defendants should not have to engage in discovery relating to personal jurisdiction without a specified showing regarding the evidence sought. *BKR Global, LLC v. Fourwinds Capital Management*, 2009 WL 10664314 (M.D. Fla. 2009); *see also Owens,* 2008 WL 4067431, at *5 (concluding "jurisdictional discovery is not freely granted, and a party seeking jurisdictional discovery should ordinarily specify the nature of the evidence it seeks.") (citations omitted).

A defendant also has a right and "a legitimate and protectable interest in avoiding the time, effort, and expense of discovery when the court's jurisdiction to hear the merits may be lacking." *Eaton,* 692 F.2d at 729 n.7. Therefore, jurisdictional discovery requests "should not serve as fishing expeditions, and, as such, are appropriate only when "a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Wolf*, 683 Fed. Appx. at 792 (citations omitted)  In particular, courts in this Circuit have denied requests for jurisdictional discovery where the plaintiffs have failed to show that the requested discovery would establish the court's jurisdiction. *See id.* at 792 n.1 (denying request for jurisdictional discovery because plaintiff made no argument as to how the defendant's alleged connection to the forum is "'so substantial' as to make it one of the 'exceptional' cases in which a foreign corporation is 'at home' in a forum other than its place of incorporation or principal place of business.'") (citations omitted); *Evans*, 2016 WL 8793339, at *5 (denying request for jurisdictional discovery because "none of [the requested] information will establish that [the defendant] is 'essentially at home' in Florida for purposes of general jurisdiction . . . . Because Plaintiffs have not established a genuine factual dispute that must be resolved in order for the Court to decide the question of personal jurisdiction, Plaintiffs' request for jurisdictional

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

discovery shall be denied."); *Zapata*, 2013 WL 1100028, at *5 ("In this case, [the defendant] has presented evidence that it has no contacts with Florida. I am not persuaded that additional discovery beyond the Affidavit submitted by [the defendant] will illuminate any facts tending to further prove or disprove that [sic] the lack of personal jurisdiction over [the defendant].").

In the instant case, Plaintiff is seeking discovery related to the operation of a training center in Orlando, Florida, to assert that Florida, and not Connecticut, is WWE's principal place of business. As set forth in WWE's Motion to Dismiss (Doc. 17) and Response to Plaintiff's Motion to Remand (Doc. 18), WWE is incorporated in Delaware, with its principal place of business in Connecticut. WWE included the following supporting documentations to show that it is incorporated in Delaware and its principal place of business is in Connecticut, and not Florida. (See Delaware Department of State Division of Corporations Entity Details, attached as Exhibit B to WWE's Motion to Dismiss; see Connecticut Secretary of State Commercial Recording Division Business Detail, attached as Exhibit D to WWE's Motion to Dismiss; see WWE United States Securities and Exchange Commission, Form 10-K for the year ended December 31, 2017, attached as Exhibit E to WWE's Response Motion to Remand). As stated within the Motion to Dismiss, WWE's corporate headquarters is located at 1241 East Main Street, Stamford, CT 06902. WWE's executive officers operate out of the Stamford, CT office. Further, the Connecticut Secretary of State website shows the business address as the corporate headquarters, and the CEO, CFO and Vice President have the same business addresses. (Exhibit D to WWE's Motion to Dismiss).

Plaintiff's request for jurisdictional discovery will not contradict the above documents. Further, the jurisdictional discovery will not show that Orlando is the principal place of business. The training center is merely that; a training center. Significantly, the Supreme Court held in *Hertz* that in determining a corporation's principal place of business, "[t]he word 'place' is in the singular,

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

not the plural." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Thus, "a corporation's 'nerve center,' usually its main headquarters, is a single place." *Id.* As established by WWE's filings with federal and state regulators, there is ample "competent proof" that WWE's principal place of business is in Connecticut, and not Florida. No additional facts regarding the training center would be sufficiently material to warrant jurisdictional discovery. See *Bernardele*, 608 F. Supp. 2d at1321. Accordingly, Plaintiff has failed to meet his burden of the specified showing of a material jurisdictional fact in dispute necessary for jurisdictional discovery of an out of state defendant, like WWE.

WHEREFORE, Defendant WWE respectfully moves this Honorable Court for entry of an Order DENYING Plaintiffs Motion for Jurisdictional Discovery and for all other relief the Court deems just and proper.

Dated: June 6, 2018

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of June, 2018, a true and correct copy of the foregoing was filed with the Clerk of Middle District of Florida, Tampa Division County by using the Florida Courts e-Filing Portal, which will send an automatic e-mail message to the following parties registered with the e-Filing Portal system: Derek L. Metts, Esq., Metts Legal, P.A., derek.metts@mettslegal.com, 607 N. Wymore Road, Winter Park, FL 32789, (321) 422-0430/(321) 422-0499 (F), Attorney for Plaintiff, Donald Anderson, and Mario E. Torres, Esq., Torres Benet Attorneys, mariotorres@torresbenet.com, 5308 Van Dyke Road, Lutz, FL 33558, (813)963-7770, Attorney for Defendant, Thaddeus M. Bullard.

**COLE, SCOTT & KISSANE, P.A.**
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant WORLD*
*WRESTLING ENTERTAINMENT, INC.*
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: Dan.Shapiro@csklegal.com
Secondary e-mail: justin.saar@csklegal.com
Alternate e-mail: alice.hartranft@csklegal.com


By:   s/ Justin T. Saar
      DANIEL A. SHAPIRO
      Florida Bar No.: 965960
      JUSTIN T. SAAR
      Florida Bar No.:  70512

2138.0151-00/9858716