UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| DONALD ANDERSON, | ) | Case No. 8:18-cv-00901-MSS-AAS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THADDEUS MICHAEL BULLARD | ) | |
| SR. a/k/a TITUS O'NEIL; and WORLD | ) | |
| WRESTLING ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CASE MANAGEMENT REPORT

The parties, DONALD ANDERSON, THADDEUS MICHAEL BULLARD SR. a/k/a

TITUS O'NEIL, and WORLD WRESTLING ENTERTAINMENT, INC., have agreed on the

following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | **August 10, 2018** |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately] | **August 10, 2018** |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | **August 10, 2018** |
| Disclosure of Expert Reports        Plaintiff: <br>        Defendant: <br><br> [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | **January 1, 2019** <br> **January 31, 2019** |

| | |
|---|---|
| Discovery Deadline<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | **March 29, 2019** |
| Dispositive Motions, *Daubert*, and *Markman* Motions<br>[Court requires 5 months or more before trial term begins] | **April 1, 2019** |
| Meeting In Person to Prepare Joint Final Pretrial Statement | **July 12, 2019** |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial | **July 22, 2019** |

| | |
|---|---|
| All Other Motions Including Motions In Limine, Trial Briefs | **July 22, 2019** |
| Final Pretrial Conference | **Court to set a date** |
| Trial Briefs and Deposition Transcripts | **August 16, 2019** |
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **September 2, 2019** |
| Estimated Length of Trial  [trial days] | **4** |
| Jury / Non-Jury | **Jury** |
| Mediation                                                    Deadline:<br>Mediator:<br>Address:<br><br>Telephone:<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | **March 29, 2019** |

| All Parties Consent to Proceed Before Magistrate Judge | Yes____ No ✓____ |
|---|---|
| | Likely to Agree in Future _____ |

## I.   Meeting of the Parties Telephonically

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.

Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A) and the Court's Order dated May 24, 2018 (Doc.

22), a meeting was held telephonically on June 6, 2018 at 2:00 p.m., between:

| | |
|---|---|
| **Derek L. Metts, Esq.** | **Counsel for Plaintiff** |
| **Dan Shapiro, Esq. &**<br>**Justin T. Saar, Esq.** | **Counsel for WWE** |
| **Mario E. Torres, Esq.** | **Counsel for BULLARD** |

## II.   Brief Description of the Case

The following is a brief description of the specific nature and relative complexity of the case:

Plaintiff alleges to have been physically attacked by Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("BULLARD"). As a result of the alleged attack, Plaintiff has asserted claims against BULLARD for Battery, Assault, Negligence, Gross Negligence, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

Plaintiff has also alleged that BULLARD was acting as an agent and/or employee of Defendant, WORLD WRESTLING ENTERTAINMENT, INC ("WWE"), at the time of the attack and has asserted vicarious claims against the WWE for Battery, Assault, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress under the theory of Respondent Superior. Plaintiff has also asserted direct claims against the WWE for Negligent Retention, Training and Supervision, Negligence and Gross Negligence.

Defendants deny liability and deny the nature and extent of Plaintiff's alleged injuries. Furthermore, the Defendant, Bullard, alleges and or will allege via his answer and counter-claim that Uranus Productions, LLC a/k/a Gorilla Flicks assaulted and or conspired to assault the Defendant, Bullard and further that the production was not approved nor anticipated by any of the Defendants.

### III.   Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extend that Rule 3.05 opts out of the mandatory discovery requirements):

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **July 9, 2018.**

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section IV below.

### IV.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section III above, and agree that **no party anticipates the disclosure or discovery of ESI in this case.**

### V.   Agreed Discovery Plan for Plaintiffs and Defendants

**A.   Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non- party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of

Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current: **Yes.**

**B.     Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (e). The parties further agree as follows: **No other agreement with regards to discovery being filed has been reached.**

**C.     Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub- parts. Fed.R.Civ.P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows: **Any discovery limits not mentioned above will be governed by the applicable Federal and Local Rules of Civil Procedure.**

### D.    Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.  In addition, the parties agree as follows: **No other agreement.**

### E.    Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony: **No other agreements.**

### F.    Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court

discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: **There are no other agreements with respect to confidentiality.**

      **G.**      **Other Matters Regarding Discovery** —

      **None.**

**VI.**      **Settlement and Alternative Dispute Resolution.**

      **A.**      **Settlement** —

The parties agree that settlement is

_____ likely \_\_\_  ✓\_\_\_unlikely

The parties **do not** request a settlement conference before a United States Magistrate Judge

      **B.**      **Arbitration** —

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate? **No.**

      **C.**      **Mediation** —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

**D.      Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute

resolution: **None.**

Date: 6/6/18

/s/ *Derek Metts*

**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.:  321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*

**JUSTIN T. SAAR**
FBN: 0070512
**COLE, SCOTT & KISSANE, P.A.**
4301 West Boy Scout Blvd., Ste. 400
Tampa, Florida 33607
Tel.:  813.864.9343
Fax.:  813.286.2900
justin.saar@csklegal.com
alice.hartranft@csklegal.com
*Counsel for WWE*

**MARIO E. TORRES**
FBN: 0017908
**torres|benet, p.a.**
5308 Van Dyke Road
Lutz, Florida 33558
Tel.: 813.963.7770
Fax.: 813.963.7770
mariotorres@torresbenet.com
eservice@torresbenet.com
*Counsel for Bullard*