UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,   Case No.: 8:18-cv-00901-MSS-AAS

    Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

    Defendants.
_____ /

**PLAINTIFF, DONALD ANDERSON'S, ANSWER AND
AFFIRMATIVE DEFENSES TO DEFENDANT, THADDEUS
MICHAEL BULLARD SR. A/K/A TITUS O'NEIL'S, COUNTERCLAIM**

Plaintiff/Counter-Defendant, DONALD ANDERSON ("ANDERSON"), by and through his undersigned counsel, responds to the Counterclaim filed by Defendant/Counter-Plaintiff, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("BULLARD"), in like numbered paragraphs and states as follows:

**JURISDICTIONAL ALLEGATIONS**

1. Admitted only that BULLARD has pled this is a cause of action for damages in an amount exceeding $15,000.00. Otherwise, denied.

2. Admitted.

3. Denied.

4. Without knowledge, therefore denied.

5. Without knowledge, therefore denied.

**FACTUAL ALLEGATIONS**

6. Without knowledge, therefore denied.

7. Admitted.

8. Without knowledge, therefore denied.

9. Admitted.

10. Admitted.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Without knowledge, therefore denied.

## COUNT I
## CONSPIRACY TO BATTERY – ANDERSON

16. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

17. Denied.

18. Admitted only that ANDERSON was filming at the time BULLARD was shocked. Otherwise, denied.

19. Denied.

## COUNT II
## CONSPIRACY TO ASSAULT – ANDERSON

20. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

21. Denied.

22. Denied.

23. Denied.

## COUNT III
## NEGLIGENCE – ANDERSON

24. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

25. Paragraph 25 calls for a legal conclusion for which no response is required. To the extent a response is required, ANDERSON denies the allegation and demands strict proof thereof.

26. Denied.

27. Denied.

28. Denied.

## COUNT IV
## GROSS NEGLIGENCE – ANDERSON

29. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

30. Paragraph 30 calls for a legal conclusion for which no response is required. To the extent a response is required, ANDERSON denies the allegation and demands strict proof thereof.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ANDERSON

36. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – ANDERSON

43. Paragraphs one (1) through (15) are incorporated herein as if fully set forth.

44. Denied.

45. Paragraph 45 calls for a legal conclusion for which no response is required. To the extent a response is required, ANDERSON denies the allegation and demands strict proof thereof.

46. Denied.

## AFFIRMATIVE DEFENSES

### *FIRST AFFIRMATIVE DEFENSE*

At all times material to BULLARD'S Counterclaim, BULLARD was himself negligent, and his negligence was the sole proximate cause of his alleged damages and injuries. In the alternative, BULLARD'S negligence contributed to producing at least a portion of his alleged damages and injuries, and his recovery should be reduced in proportion to his negligence.

### *SECOND AFFIRMATIVE DEFENSE*

ANDERSON affirmatively states that the acts or omissions of a third party, SARAYA-JADE BEVIS a/k/a PAIGE, who was not under the direction or control of ANDERSON, proximately caused the damages complained of in BULLARD'S Counterclaim. In addition, BULLARD has alleged wrongful acts on the part of URANUS PRODUCTIONS, LLC and GORILLA FLICKS, who were also not under the direction or control of ANDERSON. Pursuant to Florida Statute §768.81, BULLARD has no right to recover from ANDERSON those damages caused by the acts or omissions of such third parties. The identities of additional third

parties whose acts or omissions may have proximately caused the damages complained of in this action are presently unknown. However, should ongoing discovery reveal culpable involvement in this matter by others, it is their acts or omissions to which ANDERSON refers.

### THIRD AFFIRMATIVE DEFENSE

ANDERSON alleges that if some or all of BULLARD'S special damages have been paid by collateral sources of indemnity as defined by Florida Statute 768.76 or are payable, BULLARD is not entitled to duplicate recovery of these amounts or, in the alternative, evidence of collateral source payments should be submitted to the jury. Additionally, BULLARD is not entitled to recover the amounts of any managed care adjustments or write-offs made by BULLARD'S health care providers to his medical bills. In accordance with billing requirements or guidelines of: (1) his health insurer, (2) Medicaid, (3) Medicare, or (4) any other third party payor. *See Thyssenkrupp Elevator v. Lasky*, 868 So.2d 547 (Fla 4th DCA 2003); *Cooperative Leasing, Inc. v. Johnson*, 872 So.2d 956 (Fla. 2nd DCA 2004); *Boyd v. Nationwide Mutual Fire Ins. Co.*, 890 So.2d 1240 (Fla. 4th DCA 2005); *Goble v. Frohman*, 901 So.2d 830 (Fla. 2005). In the alternative, ANDERSON is entitled to a set-off in the amount of any write-offs or adjustments to BULLARD'S medical bills made by BULLARD'S health care providers in accordance with their managed care or other agreements with BULLARD'S HMO, health insurer, Medicaid, Medicare, or any other third party payor.

### FOURTH AFFIRMATIVE DEFENSE

ANDERSON would assert that in the event BULLARD is awarded damages in this action, the Court should enter judgment on the basis of each party's or non-party's percentage of fault and not on the basis of the doctrine of joint and several liability, to the extent and in the manner provided by Florida Statutes §768.81.

### FIFTH AFFIRMATIVE DEFENSE

ANDERSON would assert that the injuries and damages complained of in BULLARD'S Counterclaim were legally and proximately caused by and arose out of a risk of which BULLARD had knowledge and understanding and voluntarily assumed.

### SIXTH AFFIRMATIVE DEFENSE

ANDERSON would assert that BULLARD has a duty to mitigate damages, and ANDERSON is entitled to a deduction, setoff or reduction for any damages which have not been mitigated by BULLARD as required by Florida law.

### SEVENTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that BULLARD failed to mitigate his damages by availing himself of medical treatment where such medical treatment is reasonably expected to diminish his disability, discomfort and damage.

### EIGHTH AFFIRMATIVE DEFENSE

If BULLARD sustained damages as alleged in the Counterclaim, then the conduct or negligence of BULLARD caused or contributed to the incident and such conduct or negligence was the sole proximate cause, and/or independent intervening cause of the alleged incident and alleged injuries and damages.

### NINTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that a corporation cannot conspire with its own directors, officers and employees and that ANDERSON was not acting in his personal capacity in regards to the production and filming of "Swerved." Accordingly, BULLARDS claims against ANDERSON for conspiracy fail as a matter of law.

### TENTH AFFIRMATIVE DEFENSE

BULLARD has attempted to state a cause of action against ANDERSON for negligent infliction of emotional distress. However, BULLARD has failed to allege any type of impact by ANDERSON against BULLARD that is required to recover for negligent infliction of emotional distress.

### ELEVENTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that his conduct did not reach the level of outrageous conduct required for the claim of intentional infliction of emotional distress.

### TWELFTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that BULLARD'S Counterclaim fails to state a claim against ANDERSON for conspiracy and therefore is not entitled to relief.

### THIRTEENTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that BULLARD'S Counterclaim fails to state a claim against ANDERSON for negligence and therefore is not entitled to relief.

### FOURTEENTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that BULLARD'S Counterclaim fails to state a claim against ANDERSON for intentional infliction of emotional distress and therefore is not entitled to relief.

### FIFTEENTH AFFIRMATIVE DEFENSE

ANDERSON affirmatively alleges that BULLARD'S Counterclaim fails to state a claim against ANDERSON for negligent infliction of emotional distress and therefore is not entitled to relief.

## RESERVATION OF RIGHT TO AMEND

ANDERSON reserves the right to raise or assert additional affirmative defenses or other defenses that may become known to him after the filing of this Answer and the further opportunity for investigation, discovery of facts, and identification of pertinent witnesses.

## DEMAND FOR JURY TRIAL

ANDERSON demands trial by jury of all issues so triable as of right.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on this 3rd day of July, 2018 through electronic mail to **Justin T. Saar, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at dan.shapiro@csklegal.com, justin.saar@csklegal.com, and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and to **Mario E. Torres, Esq.**, Torres Benet, 5308 Van Dyke Road, Lutz, Florida 33558, at mariotorres@torresbenet.com and eservice@torresbenet.com, *Counsel for Defendant*, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL.

By:/s/*Derek Metts*
**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.: 321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Donald Anderson*