UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DONALD ANDERSON, | Case No. 8:18-cv-00901-MSS-AAS |
| Plaintiff, | |
| v. | |
| THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL; and WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendants. | |

## MOTION TO STAY DISCOVERY DUE TO PENDING MOTION TO DISMISS

### Relief Sought

Defendant, World Wrestling Entertainment, Inc. (hereinafter "WWE"), moves this Honorable Court to stay discovery responses from WWE to Plaintiff's initial discovery, and in support thereof states as follows:

### Procedure

1. On March 30, 2018, Plaintiff served WWE with the original complaint.

2. On April 13, 2018, WWE removed the case to the U.S. District Court for the Middle District of Florida, Tampa Division (D.E.1).

3. On April 27, 2018, WWE filed its Motion to Dismiss with Incorporated Memorandum of Law asserting a lack of personal jurisdiction (D.E.2).

4. On May 1, 2018, Plaintiff filed an Amended Complaint. (D.E. 3).

5. On May 3, 2018, the Court ruled that WWE's Motion to Dismiss was denied as moot since Plaintiff filed an amended Complaint. (D.E. 4).

6. Within the docket entry, Judge Scriven ruled that: "Defendant shall be free to reassert any of the challenges raised therein to the extent that they remain viable against the Amended Complaint." (D.E. 4).

7. WWE filed their Amended Motion to Dismiss and Incorporated Memorandum of Law on May 14, 2018. (D.E. 5)

8. On September 26, 2018, Plaintiff filed and served their initial discovery to WWE and Co-Defendant including interrogatories and request to produce. (D.E. 6).

9. As of the filing of this Motion, WWE's Motion to Dismiss is still pending with this Honorable Court.

**Grounds for Motion**

I. **Voluntarily Participating in Discovery will Waive Personal Jurisdiction Defense**

WWE does not voluntarily submit itself to the personal jurisdiction of this Court, and does not intend for any of its acts to be viewed as a waiver or as an express or implied submission to that jurisdiction.  WWE does, however, recognize that the courts have found an entity's participation in discovery to be just such a waiver, including the following:

1. A personal jurisdiction defense can be waived by express submission, conduct, or failure to assert the defense including fully participating in litigation including lengthy discovery and motion practice. *In re Trasylol Prods. Liab. Litig., 2011 U.S. Dist. LEXIS 30300, *153 (2011).*

2. A waiver of the personal jurisdiction defense can be found when a Defendant ". . .participate[s] (and failed to participate) in discovery, submit[s] a joint Scheduling Report, giv[es] testimony at his deposition, attend[s]

2

  hearings with the Magistrate Judge, and attend[s] mediation, even *after* he filed a motion to vacate for lack of personal jurisdiction." *Appelbaum v. Rickenbacker Grp., Inc.*, 2013 U.S. Dist. LEXIS 194178, *2-3.

3. If WWE substantively responds voluntarily to Plaintiff's Interrogatories and Request to Produce, WWE risks any discovery response being unintentionally and unwillingly construed as WWE's submission to the Court's jurisdiction.

## II. Motion to Stay Discovery is Appropriate in this Case

1. "District courts enjoy broad discretion in deciding how best to manage the cases before them." *McCullough v. Royal Caribbean Cruises, Ltd.*, 2017 U.S. Dist. LEXIS 4057, at *1 (S.D. Fla. Jan. 11, 2017) (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997). This includes the "broad discretion to stay proceedings as an incident to its power to control its own docket." *Id.* (quoting *Clinton v. Jones*, 520 U.S. 681, 683 (1997)).

2. A Court must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery. *Pagano v. Quicken Loans Inc.*, 2018 U.S. Dist. LEXIS 109672 (June 29, 2018) citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

3. Plaintiff is not prejudiced as this Motion, if granted, has no bearing on Co-Defendant, Thaddeus Bullard, Sr. a/k/a Titus O'Neill.

**Memorandum of Points and Authorities**

I.  **Voluntarily Participating in Discovery Can Be Construed as a Waiver of a Personal Jurisdiction Defense**

The Court should stay discovery in regards to WWE while WWE's Motion to Dismiss for Lack of Personal Jurisdiction is pending in order to prevent WWE from waiving this defense by voluntarily participating in litigation.

When a party voluntarily participates in litigation to a significant degree, a Court may find that that party has waived their lack of personal jurisdiction defense. *In re Trasylol Prods. Liab. Litig.*, 2011 U.S. Dist. LEXIS 30300, *153 (2011). In *In re Trasylol*, defendants had a pending Motion to Dismiss for lack of personal jurisdiction stemming from plaintiff's inability to properly serve the defendant. *Id.* In ruling on defendant's motion, the court analyzed whether the defendant had waived their lack of personal jurisdiction defense. *Id.* The court held that because the defendant had only appeared in a limited capacity to remove the case to federal court and to collect fact sheets on the plaintiffs, they did not waive their lack of personal jurisdiction defense. The court went further comparing defendant's conduct to other cases where a waiver was found where other parties had engaged in significant discovery and litigation and stated that defendant's conduct had not risen to such a level. *Id.*

The limited activities WWE has performed in the instant case are analogous to those by the defendants in *In Re Trasylol*. WWE has only removed the case to federal court and complied with Court orders relating to the trial scheduled by the Plaintiff in this case. None of WWE's activities are substantive conduct related to the merits of Plaintiff's case. WWE had filed their Motion to Dismiss for Lack of Personal Jurisdiction since the inception of the federal action.

WWE would be in danger of waiving its defense of lack of personal jurisdiction if WWE voluntarily participated in Plaintiff's discovery requests. The *In Re Trasylol* court specifically noted in its reasoning that the defendants in that case had not "engaged in the kind of extensive discovery or motions practice that has persuaded other circuits to find a waiver of the defense." *Id. At 153.*

Similarly, in *Appelbaum v. Rickenbacker Grp., Inc.*, the court found that defendant had waived his defense of lack of personal jurisdiction when he "participated in discovery, submitting a joint Scheduling Report, giving testimony at his deposition, attending hearings with the Magistrate Judge, and attending mediation, even *after* [filing] [his] motion for lack of personal jurisdiction." *Appelbaum v. Rickenbacker Grp., Inc., 2013 U.S. Dist. LEXIS 194178, *2-3*. While the court's decision cited additional activities that the defendant had participated in besides initial discovery, in this instant case, initial discovery is the only one of these activities that has happened thus far. As the *Appelbaum* court makes clear, participating in initial discovery is one of the first actions a defendant can take to begin the actions necessary that will eventually culminate in waiving a lack of personal jurisdiction defense.

## II.    Motion to Stay Discovery is Appropriate in this Case

Defendant WWE can show good cause and reasonableness that the motion to stay discovery should be granted in the instant case. Additionally, WWE can show that the risk of harm produced by a delay in discovery is outweighed by the possibility that WWE's Motion to Dismiss for Lack of Personal Jurisdiction will be granted and entirely eliminate the need for discovery.

"To prevail on a motion to stay [discovery], a movant must show 'good cause and reasonableness,' and the Court 'must balance the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and ***entirely*** eliminate the need for

such discovery.'" *McCullough v. Royal Caribbean Cruises, Ltd.*, 2017 U.S. Dist. LEXIS 4057, at *1 (S.D. Fla. Jan. 11, 2017) (quoting *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006). This standard was used by the court in *Pagano v. Quicken Loans, Inc.* 2018 U.S. Dist. LEXIS 109672, at 3 (M.D. Fla. June 29, 2018). In *Pagano*, the defendant argued that discovery should be stayed because the court lacked pendent personal jurisdiction, which the plaintiff denied. *Id.* Both parties cited no case authority regarding their respective basis for or against lack of pendent personal jurisdiction. *Id.* The court ruled against the stay because of the defendant's lack of case authority. *Id.*

In the instant case, WWE has shown good cause and reasonableness to grant a discovery stay. As discussed in the previous section of this Motion, voluntarily participating in Plaintiff's initial discovery requests endangers WWE of waiving their lack of personal jurisdiction defense. If the relief sought in this motion is not granted, and WWE is then forced to either respond to Plaintiff's initial discovery requests thereby risking waiving their lack of personal jurisdiction defense or, in the alternative, if WWE does not respond to Plaintiff's initial discovery requests to preserve its lack of personal jurisdiction defense, then WWE risks violating the Federal Rules of Civil Procedure regarding timely responses to discovery which would put WWE in jeopardy of sanctions. Thus, a discovery stay prevents WWE from either unfavorable outcome.

Secondly, if the Court grants WWE's Motion, the harm produced by a delay in discovery is minimal to Plaintiff because there is a strong possibility that WWE's motion will be granted and entirely eliminate the need for discovery. The facts that give rise to Plaintiff's Amended Complaint occurred in Norfolk, Virginia. WWE is incorporated under the laws of

Delaware and its principal place of business is in Connecticut. Co-Defendant, Thaddeus Michael Bullard, Sr. is a California resident. WWE's only tie to the Middle District of Florida is a training center located in Orlando, FL. WWE has cited extensive case authority showing that WWE does not have the sufficient minimum contacts with the Middle District of Florida to sustain personal jurisdiction for this case.

WHEREFORE, Defendant WWE respectfully moves this Honorable Court for entry of an Order staying discovery and for all other relief the Court deems just and proper.

Dated: October 24, 2018.

## **CERTIFICATE OF GOOD FAITH (Local Rule 3.01(g))**

This request is being made in good faith and not for purposes of delay. The parties have conferred and Plaintiff's counsel objects to this motion.

 I HEREBY CERTIFY that on the 24th day of October, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CMIECF system which will send a notice of electronic filing, or by email, to the following:

Derek L. Metts, Esq.,
Metts Legal, P.A.,
derek.metts@mettslegal.com,
607 N. Wymore Road,
Winter Park, FL 32789,
(321) 422-0430/
(321) 422-0499 (F),
Attorney for Plaintiff, Donald Anderson.

Mario E. Torres
TORRES BENET, P.A.
mariotorres@torresbenet.com
5308 Van Dyke Road
Lutz, Florida 33558
Tel.: 813.963.7770
Fax.: 813.963.7770
Attorney for Co-Defendant Thaddeus Michael Bullard

CASE NO.: 2018-CA-807-ES

a/k/a Titus O'Neil

        COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant WORLD
WRESTLING ENTERTAINMENT, INC.
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: Dan.Shapiro@csklegal.com
Secondary e-mail: dorice.voecks@csklegal.com
Alternate e-mail:  bethany.goodrow@csklegal.com

By:   s/ Dorice R. Voecks
     DANIEL A. SHAPIRO
     Florida Bar No.:  965960
     DORICE R. VOECKS
     Florida Bar No.:  117991