UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,   Case No.: 8:18-cv-00901-MSS-AAS

    Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

    Defendants.

_____ /

**PLAINTIFF'S RESPONSE TO DEFENDANT, WORLD
WRESTLING ENTERTAINMENT, INC.'S, MOTION TO
STAY DISCOVERY DUE TO PENDING MOTION TO DISMISS**

Plaintiff, DONALD ANDERSON, by and through undersigned counsel, files his Response to Defendant, WORLD WRESTLING ENTERTAINMENT, INC.'S, Motion to Stay Discovery due to Pending Motion to Dismiss (Doc. 36), and in support, states the following:

**INTRODUCTION**

Plaintiff initiated this action against Defendant, WORLD WRESTLING ENTERTAINMENT, INC. ("WWE") as a result of Plaintiff being physically attacked by the WWE's employee and/or agent, Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL ("O'NEIL"). On May 14, 2018, WWE filed its Motion to Dismiss (Doc. 17), which alleges this Court lacks personal jurisdiction over the WWE. On May 23, 2018, Plaintiff filed his Response to this Motion (Doc. 19). On September 26, 2018, Plaintiff served WWE with initial discovery requests (Doc. 36-7 and 36-8), some of which seek discovery on issues relevant to WWE's Motion to Dismiss.

On October 24, 2018, WWE filed its Motion to Stay Discovery due to Pending Motion to Dismiss (Doc. 36). It appears the main argument being raised in the Motion to Stay is that the WWE does not want to voluntarily respond to Plaintiff's discovery requests to prevent a future argument that the WWE has waived its purported personal jurisdiction defense.

Plaintiff is agreeable to waive any argument he has that the WWE gives up its purported personal jurisdiction defense if WWE responds to Plaintiff's discovery requests served on September 26, 2018. Accordingly, Plaintiff is respectfully requesting this Court deny WWE's Motion to Stay Discovery. In addition, if the Court does deny the WWE's Motion to Stay Discovery, then obviously the WWE would not "voluntarily" be responding to Plaintiff's pending discovery requests.

## MEMORANDUM OF LAW

### I. *MOTIONS TO STAY DISCOVERY ARE DISFAVORED*

Discovery should be stayed only in the rarest of circumstances. *Hovermale v. School Bd. of Hillsborough County, Fla.*, 128 F.R.D. 287, 289 (M.D. Fla. 1989); *APR Energy, LLC v. Pakistan Power Res., LLC*, No. 3:08-CV-961-J-25MCR, 2009 WL 2762064, at *2 (M.D. Fla. Aug. 28, 2009). The primary "purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts." *APR Energy*, 2009 WL 2762064, at *3 (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)). Minimal judicial supervision is envisioned in the operation of discovery unless the parties encounter a dispute and request judicial intervention. *APR Energy*, 2009 WL 2762064, at *3. This Court advocates that parties practice discovery "with a spirit of cooperation and civility." *Id*.

As such, courts do not favor motions staying discovery and such motions are rarely granted. *Hovermale*, 128 F.R.D. at 289; *APR Energy*, 2009 WL 2762064, at *2. Staying discovery is "not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." <u>S.D. v. St. Johns Cnty. Sch. Dist.</u>, No. 3:09-cv-250-J-20TEM, 2009 WL 3231654, at *2 (M.D. Fla. Oct. 1, 2009)(denying motion to stay discovery pending decision on motion to dismiss), modified by <u>S.D. v. St. Johns Cnty. Sch. Dist.</u>, No. 3:09-CV250-J20TEM, 2009 WL 4349878, at *4-5 (M.D. Fla. Nov. 24, 2009)(amending order to stay discovery only as to individual government-official defendants who asserted a defense of qualified immunity, but permitting full discovery as to the school district defendant).

As motions staying discovery are disfavored, the party seeking a protective order staying discovery has the heavy burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. <u>Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.</u>, 231 F.R.D. 426, 429-30 (M.D. Fla. 2005); <u>Feldman v. Flood</u>, 176 F.R.D. 651, 652 (M.D. Fla. 1997); <u>Gulf Oil Company v. Bernard</u>, 452 U.S. 89, 102 n. 16 (1981).

## II. *WWE HAS NOT ESTABLISHED GOOD CAUSE NOR PREJUDICE TO JUSTIFY A STAY OF DISCOVERY*

The Discovery Practices Manual for this Court explicitly states that "Normally, the pendency of a motion to dismiss ... will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion.... However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." Middle District Discovery Manual (2015) at p. 5, section I(E)(4). As stated above, the party moving to stay discovery bears the heavy burden of showing good cause and reasonableness for such an

extraordinary measure. *See Feldman*, 176 F.R.D. at 652. There has been no factual undue burden alleged and the only factual prejudice alleged is the WWE's argument that it potentially may waive its personal jurisdiction defense if it voluntarily responds to Plaintiff's discovery requests. As stated above, Plaintiff is agreeable that the WWE will not waive its personal jurisdiction defense if it responds to the pending discovery requests. In addition, if the Court denies the WWE's Motion to Stay Discovery then the WWE would not voluntarily be responding to the discovery requests. Accordingly, Plaintiff believes that the WWE has not met its burden, and thus, is respectfully requesting that this Court deny the motion.

### III. *WWE'S MOTION TO DISMISS DOES NOT JUSTIFY A DISCOVERY STAY*

When determining whether to grant a motion staying discovery premised upon the movant's pending motion to dismiss, "a court must balance the harm caused by a delay in discovery against the possibility that the dispositive motion might be granted." *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006)(citations omitted). In doing so, the court must take a "preliminary peek" at the merits of the motion to dismiss to see if it "appears to be clearly meritorious and truly case dispositive." *McCabe*, 233 F.R.D. at 685 (citation omitted, emphasis added).

A "preliminary peek" at the WWE's Motion to Dismiss and Plaintiff's Response reveals a strong possibility that the motion would be denied. As discussed in detail within Plaintiff's response to the Motion to Dismiss, Plaintiff believes he has established that jurisdiction over the WWE is authorized under Florida's longarm statute and that exercise of jurisdiction over the WWE comports with traditional notions of fair play and substantial justice under the Due Process clause of the Fourteenth Amendment. In addition, the allegations against the WWE, in part, arise from WWE's business operations in Florida. Specifically, the claims against the

WWE for its negligent retention, training and supervision occurred at its Performance Center in Orlando, Florida. *See*, Amended Complaint ¶¶ 5e, m, n, and o, 12, and 101. Also, the vicarious liability counts for Battery, Assault, and Negligent and Intentional Infliction of Emotional Distress against WWE rely on the allegations that O'NEIL'S violent propensities were enhanced, encouraged, trained, approved and promoted by the WWE in Orlando, Florida. *Id*. ¶¶ 5e and n, 60, 66, 71, 77, 104, and 115. Further, the preparation for the WWE show being filmed at the time the assault took place was conducted in Orlando, Florida, which partially forms the basis for the Negligence and Gross Negligence claims alleged against the WWE. *Id*. ¶¶ 5e, m, and o, 12, 82, and 89. None of these allegations have been refuted.

Thus, the motion to dismiss is "not so clear on its face that there is 'an immediate and clear possibility that it will be granted' " so as to justify a complete stay of discovery. *See Koock*, 2009 WL 2579307, at * 2 (citing *Feldman*, 176 F.R.D. at 653)(denying motion to stay discovery because defendant's motion to dismiss "not so clear on its face that there is 'an immediate and clear possibility that it will be granted'").

## CONCLUSION

For the reasons stated hereinabove, Plaintiff respectfully requests that this Court deny WWE's Motion to Stay Discovery due to Pending Motion to Dismiss. If the Court denies the WWE's Motion to Stay Discovery, Plaintiff respectfully requests that the WWE be required to respond to Plaintiff's discovery requests within fifteen (15) days of the Court denying the motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was served on this 26th day of October, 2018 through electronic mail to **Daniel A. Shapiro, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at dan.shapiro@csklegal.com, christopher.donegan@csklegal.com, dorice.voecks@csklegal.com and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and to **Mario E. Torres, Esq.**, Torres Benet, 5308 Van Dyke Road, Lutz, Florida 33558, at mariotorres@torresbenet.com and eservice@torresbenet.com, *Counsel for Defendant*, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL.

/s/*Derek Metts*
**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.: 321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*