UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DONALD ANDERSON, | Case No. 8:18-cv-00901-MSS-AAS |
| Plaintiff, | |
| v. | |
| THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL; and WORLD WRESTLING ENTERTAINMENT, INC., | |
| Defendants. | |

**DEFENDANT WORLD WRESTLING ENTERTAINMENT, INC'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION**

COMES NOW, Defendant, World Wrestling Entertainment, Inc. (hereinafter "WWE"), and files this Notice of Serving Answers to Plaintiff's First Request for Production propounded in this matter.

1. Any and all insurance agreements or policies under which any persons or entities carrying on an insurance business may be liable to satisfy part or all of a judgment which may be rendered in this action.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

2. Copies of any and all statements and/or reports made by Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

3. Copies of any and all statements and/or reports made by Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, concerning the subject matter of this lawsuit.

   **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

   **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

4. Copies of any and all statements and/or reports made by Defendant, PAIGE a/k/a SARAYA-JADE BEVIS, concerning the subject matter of this lawsuit.

   **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

   **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

5. Copies of any and all statements and/or reports bade by anyone concerning the subject matter of this lawsuit.

   **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

   **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not rea-**

sonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

6. A copy of any surveillance movies, videos, photographs, etc. depicting any part of the incident alleged to have occurred within the Amended Complaint.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

7. A copy of any surveillance movies, videos, photographs, etc. depicting Defendant, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

8. A copy of any surveillance movies, videos, photographs, etc. depicting Plaintiff on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

9. A copy of any surveillance movies, videos, photographs, etc. depicting Paige a/k/a SARAYA-JADE BEVIS on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

10. Any and all videos and photographs taken by anyone during the taping of "Swerved" on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Any response to this Request risks WWE waiving its lack of personal jurisdiction defense.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

11. Any and all videos and photographs taken by anyone during the taping of "Superstars" on May 18, 2015.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Any response to this Request risks WWE waiving its lack of personal jurisdiction defense.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

12. Any and all written agreements in effect on May 18, 2015 between THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and WORLD WRESTLING ENTERTAINMENT, INC.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Any response to this Request risks WWE waiving its lack of personal jurisdiction defense.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

13. Any and all written agreements within the possession, custody and control of the WORLD WRESTLING ENTERTAINMENT, INC. in effect on May 18, 2015 between THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and anyone concerning THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL's performance in the "Superstars" television show on or about May 15, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

14. Any and all written agreements within the possession, custody and control of the WORLD WRESTLING ENTERTAINMENT, INC. in effect on May 18, 2015 between THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and anyone

concerning THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL's performance in the "Swerved" television show on or about May 15, 2015.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

15. Any and all written agreements in effect on May 18, 2015 between PAIGE a/k/a SARAYA-JADE BEVIS and WORLD WRESTLING ENTERTAINMENT, INC.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

16. Any and all written agreements within the possession, custody and control of the WORLD WRESTLING ENTERTAINMENT, INC. in effect on May 18, 2015 between PAIGE a/k/a SARAYA-JADE BEVIS and anyone concerning PAIGE a/k/a SARAYA-JADE BEVIS's performance in the "Superstars" television show on or about May 15, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

17. Any and all written agreements within the possession, custody and control of the WORLD WRESTLING ENTERTAINMENT, INC. in effect on May 18, 2015 between PAIGE a/k/a SARAYA-JADE BEVIS'S and anyone concerning PAIGE a/k/a SARAYA-JADE BEVIS's performance in the "Swerved" television show on or about May 15, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

18. Any and all written agreements between WORLD WRESTLING ENTERTAINMENT, INC. and anyone concerning the performance of the "Superstars" television show on May 18, 2015 at the Richmond Coliseum, including but not limited to any and all written agreements with the Richmond Coliseum and/or its owner/representatives.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

19. Any and all written agreements that allowed the WORLD WRESTLING ENTERTAINMENT, INC. and anyone concerning the taping and production of "Swerved" on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the**

**size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

20. Any and all written agreements between WORLD WRESTLING ENTERTAINMENT, INC. and anyone concerning the taping and production of "Swerved" on May 18, 2015.

   **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

   **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

21. Any and all reports, communications and/or documents prepared by WORLD WRESTLING ENTERTAINMENT, INC. and or its agents/ representatives which refer in any way to this incident described in Plaintiff's Complaint and/or the facts or circumstances leading up to and following said incident.

   **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

   **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

22. All documents of any kind concerning any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of WORLD WRESTLING ENTERTAINMENT, INC. directed to THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL for the purpose of teaching, counseling, disciplining, correcting or otherwise

managing THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

23. All documents of any kind concerning any action (formal or informal) by any supervisor or manager or anyone working by or on behalf of WORLD WRESTLING ENTERTAINMENT, INC. directed to PAIGE a/k/a SARAYA-JADE BEVIS for the purpose of teaching, counseling, disciplining, correcting or otherwise managing PAIGE a/k/a SARAYA JADE BEVIS. This includes but is not limited to all disciplinary actions and the contents of all disciplinary folders or files of any kind by whatever name called.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

24. Copies of all documents concerning any complaint, criticism or concern raised by any person or entity regarding any anger management issues that THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL possessed.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

25. Copies of all documents concerning any complaint, criticism or concern raised by any person or entity regarding THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

26. Copies of all documents concerning any complaint, criticism or concern raised by any person or entity regarding PAIGE a/k/a SARAYA-JADE BEVIS.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

27. All documents concerning any evaluation of THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL performed by WORLD WRESTLING ENTERTAINMENT, INC. that has not been produced in response to the preceding Requests.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

28. All documents concerning any evaluation of PAIGE a/k/a SARAYA-JAD BEVIS performed by WORLD WRESTLING ENTERTAINMENT, INC. that has not been produced in response to the preceding Requests.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

29. All documents concerning any evaluation of PAIGE a/k/a SARAYA-JADE BEVIS performed by WORLD WRESTLING ENTERTAINMENT, INC. that has not been produced in response to the preceding Requests.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

30. Any and all documents that demonstrate what PAIGE a/k/a SARAY-JADE BEVIS was doing on May 18, 2015.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

31. Any and all correspondences or communications (including email) that the WORLD WRESTLING ENTERTAINMENT, INC. and/or its agents/representatives have had with any person or entity, other than your lawyers, involving the incidents raised within Plaintiff's Complaint.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

32. Copies of all WORLD WRESTLING ENTERTAINMENT, INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect on May 18, 2015 concerning any responsibilities required to be performed by THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

33. Copies of all WORLD WRESTLING ENTERTAINMENT, INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect on May 18, 2015 concerning any responsibilities required to be performed by PAIGE a/k/a SARAYA-JADE BEVIS.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

34. Copies of all WORLD WRESTLING ENTERTAINMENT, INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect on May 18, 2015 concerning the taping and/or production of "Swerved."

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

35. Copies of all WORLD WRESTLING ENTERTAINMENT, INC. policies, procedures, rules, guidelines, directives, manuals, handbooks and instructions that were in effect on May 18, 2015 concerning the taping and/or production of "Superstars."

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

36. A copy of documents showing the hierarchy of managerial positions at WORLD WRESTLING ENTERTAINMENT, INC. and who occupied such positions as of May 18, 2015 and presently.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not rea-**

sonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

37. Any and all documents showing the dates that THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and/or PAIGE a/k/a SARAYA-JADE BEVIS trained at the Performance Center in Orlando, Florida between 2013 and 2017.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

38. Any and all videos of THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and/or PAIGE a/k/a SARAYA-JADE BEVIS training at the Performance Center in Orlando, Florida between 2013 and 2017.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

39. Any and all training materials provided by WRESTLING ENTERTAINMENT, INC. to THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and/or PAIGE a/k/a SARAYA-JADE BEVIS concerning training at the Performance Center in Orlando, Florida.

**RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

**Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

40. Any and all policies and/or procedures provided by WRESTLING ENTERTAINMENT, INC. to THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and/or PAIGE a/k/a SARAYA-JADE BEVIS concerning training at the Performance Center in Orlando, Florida.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope, the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

41. Any and all written agreements between WRESTLING ENTERTAINMENT, INC. and THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL and/or PAIGE a/k/a SARAYA-JADE BEVIS concerning training at the Performance Center in Orlando, Florida.

    **RESPONSE: Objection. WWE does not submit to the personal jurisdiction of the U.S. District Court for the Middle District of Florida and has a pending Motion to Dismiss for Lack of Personal Jurisdiction in this Court. Due to the lack of personal jurisdiction, no response is required.**

    **Notwithstanding the lack of personal jurisdiction, WWE objects to this Interrogatory on the grounds that it is vague, ambiguous and overbroad in time and scope,**

**the discovery sought is not proportional to the needs of the case, and is not reasonably calculated to lead to the discovery of admissible evidence. This interrogatory is not limited in time or scope and is unduly burdensome for a company the size of WWE and implicates the work product privilege, attorney client privilege and/or trade secrets privilege.**

### Certificate of Service

I HEREBY CERTIFY that on the 29th day of October, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CMIECF system which will send a notice of electronic filing, or by email, to the following:

Derek L. Metts, Esq.,
Metts Legal, P.A.,
derek.metts@mettslegal.com,
607 N. Wymore Road,
Winter Park, FL 32789,
(321) 422-0430/
(321) 422-0499 (F),
Attorney for Plaintiff, Donald Anderson.

Mario E. Torres
TORRES BENET, P.A.
mariotorres@torresbenet.com
5308 Van Dyke Road
Lutz, Florida 33558
Tel.: 813.963.7770
Fax.: 813.963.7770
Attorney for Co-Defendant Thaddeus Michael Bullard
a/k/a Titus O'Neil

COLE, SCOTT & KISSANE, P.A.
Counsel for Defendant WORLD
WRESTLING ENTERTAINMENT, INC.
4301 West Boy Scout Boulevard
Suite 400
Tampa, Florida 33607
Telephone (813) 864-9333
Facsimile (813) 286-2900
Primary e-mail: Dan.Shapiro@csklegal.com
Secondary e-mail: dorice.voecks@csklegal.com

Alternate e-mail: bethany.goodrow@csklegal.com

By: s/ Dorice R. Voecks
DANIEL A. SHAPIRO
Florida Bar No.: 965960
DORICE R. VOECKS
Florida Bar No.: 117991