# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DONALD ANDERSON,**

    Plaintiff,

v.                                              Case No. 8:18-cv-901-T-35AAS

**THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL, and WORLD WRESTLING ENTERTAINMENT, INC.,**

    Defendants.
_____/

## ORDER

World Wrestling Entertainment, Inc. ("WWE") moves to stay discovery pending the court's ruling on WWE's motion to dismiss. (Doc. 36). Donald Anderson opposes WWE's motion to stay discovery. (Doc. 37). For the following reasons, WWE's Motion to Stay Discovery (Doc. 36) is **GRANTED**.

## I. BACKGROUND

This action was initiated in the Circuit Court in and for Pasco County, Florida, and removed to this court. (Doc. 1). Mr. Anderson alleges he was physically attacked by WWE's employee or agent Thaddeus Michael Bullard, a/k/a Titus O'Neil, and brings this action for related injuries. (Doc. 9). WWE moved to dismiss Mr. Anderson's amended complaint claiming this court lacks personal jurisdiction over WWE. (Doc. 17). Mr. Anderson responded to WWE's motion to dismiss. (Doc. 19). WWE now moves to stay discovery pending the ruling on its motion to dismiss. (Doc. 36). Mr. Anderson opposes the stay. (Doc. 37).

1

## II. ANALYSIS

A district court has broad discretion in regulating discovery. *See Moore v. Potter*, 141 Fed. Appx. 803, 808 (11th Cir. 2005) (holding the district court did not abuse its "broad discretion" when entering stay to resolve motion to dismiss). The Eleventh Circuit has further instructed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should ... be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997).

The "party seeking the stay must prove good cause and reasonableness." *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, No. 7:08-CV-32-HL, 2008 WL 4544470, at *1 (M.D. Ga. Oct. 10, 2008) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)) (internal quotation marks omitted). In reviewing such facial challenges, a court must to take a "preliminary peek at the merits of the dispositive motion to assess the likelihood that such motion will be granted." *Id.* To determine whether a stay is appropriate, a court must "balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Id.*

The gravamen of WWE's motion to dismiss is that the court lacks personal jurisdiction. (*See* Doc. 17). Without remarking on the merits of WWE's motion, the court finds good cause for a temporary stay of discovery. WWE's motion to dismiss presents a nonfrivolous challenge to the court's personal jurisdiction over WWE. Although such a stay will delay Mr. Anderson's efforts to obtain discovery from WWE,

the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines it lacks personal jurisdiction over WWE.

## III. CONCLUSION

Accordingly, WWE's Motion to Stay Discovery (Doc. 36) is **GRANTED**. Discovery in this case is **STAYED** as to WWE, pending the court's ruling on WWE's Motion to Dismiss (Doc. 17).

**ORDERED** in Tampa, Florida on November 13, 2018.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge