# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DONALD ANDERSON,

    Plaintiff,

v.                                                  Case No. 8:18-cv-901-T-35AAS

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL, and WORLD
WRESTLING ENTERTAINMENT, INC.,

    Defendants.
_____/

## ORDER

Donald Anderson seeks leave to conduct limited jurisdictional discovery to establish this court's personal jurisdiction over World Wrestling Entertainment, Inc. (WWE). (Doc. 20).

## I.    PROCEDURAL BACKGROUND

Mr. Anderson sued Mr. Thaddeus Bullard and WWE in state court, and WWE removed the action to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. 1). In denying Mr. Anderson's request for the action to be remanded to state court (Doc. 10), the court concluded federal court had diversity jurisdiction and WWE had met its burden of establishing it is not a citizen of Florida. (Doc. 54).

Though the federal courts have subject matter jurisdiction over this dispute pursuant to diversity jurisdiction, WWE asserts in its motion to dismiss that this specific federal court lacks personal jurisdiction over WWE. (Doc. 17). Mr. Anderson requests leave to conduct limited jurisdictional discovery to establish this court's

1

personal jurisdiction over WWE and to supplement his opposition to WWE's motion to dismiss. (Doc. 20).

## II. LEGAL PRINCIPLES

### A. Court's Analysis in Determining Whether It Has Personal Jurisdiction

The court's personal jurisdiction analysis is a two-step inquiry. The first step is whether personal jurisdiction is appropriate under the state's long-arm statute—Florida Statute § 48.193. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018). The second step is whether the court's exercise of personal jurisdiction over the defendant is compatible with the Due Process Clause of the Fourteenth Amendment. *Id.*

For the first-step inquiry, Florida's long-arm statute allows for specific jurisdiction—Florida Statutes § 48.193(1)(a)—and general jurisdiction—Florida Statutes § 48.193(2). Sub-section (1)(a) lists acts permitting Florida courts to exercise specific personal jurisdiction, i.e., "jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida." *Carmouche v. Tamborlee Management, Inc.*, 789 F.3d 1201, 1204 (11the Cir. 2015). Sub-section (2) permits Florida courts to exercise "jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida—if the defendant engages in 'substantial and not isolated activity' in Florida." *Id.*

Regardless of whether specific or general jurisdiction is met, the due process analysis requires the court at the second step to consider "whether the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does

2

not offend traditional notions of fair play and substantial justice." *Waite*, 901 F.3d at 1312 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Importantly, "the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not 'at home' in the State and the episode-in-suit occurred elsewhere." *BNSF Railway Co. v. Tyrrell*, __ U.S. __, 137 S. Ct. 1549, 1554 (2017)

### B. Parties' Shifting Burdens in Alleging and Challenging Personal Jurisdiction

As an initial matter, a plaintiff must plead sufficient material facts to support the court's personal jurisdiction over a defendant. *Future Technology Today, Inc. v. OSF Healthcare Systems*, 218 F.3d 1247, 1249 (11th Cir. 2000). A defendant challenging the court's personal jurisdiction must then offer sufficient evidence and information to challenge the plaintiff's allegations of personal jurisdiction. *Id.* If the defendant makes a prima facie showing that personal jurisdiction is lacking, the burden shifts back to plaintiff "to substantiate the jurisdictional allegations in the complaint by affidavits and other competent proof, and not merely reiterate the factual allegations in the complaint." *Id.* (citation and internal quotations omitted).

"Where issues arise as to jurisdiction or venue, discovery is available to ascertain facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n. 13 (1978). "[F]ederal courts should order limited jurisdictional discovery where the information the plaintiff seeks, if it exists, would give rise to jurisdiction." *RMS Titanic, Inc. v. Kingsmen Creatives, Ltd.*, 579 F. App'x 779, 790 (11th Cir. 2014). "[R]esolution of a pretrial motion that turns on findings of fact—for example, a motion

3

to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made." *Id.* (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)). "

## III. WHETHER TO PERMIT LIMITED JURISDICTIONAL DISCOVERY

Mr. Anderson's amended complaint alleges both specific jurisdiction under section 48.193(1)(a) and general jurisdiction under section 48.193(2). (Doc. 9, ¶ 5). Mr. Anderson bases the court's specific jurisdiction on sub-section 48.193(1)(a)(1): a non-resident defendant "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." (*Id.*). Mr. Anderson further alleges "WWE has sufficient minimum contacts with the state of Florida, has its nerve center in Florida, and is essentially at home in Florida" and lists examples of WWE's actions in an attempt to support this statement. (*Id.*).

WWE, in its motion to dismiss due to lack of personal jurisdiction, outlines a prima facie case for why this court lacks general and specific jurisdiction and why this court's exercise of jurisdiction would violate the Fourteenth Amendment. To support its position, WWE attaches the affidavit of Brian Terwilliger, Vice President of Digital Development, and other evidence that WWE is "at home" at its headquarters in Connecticut, not in Florida. WWE also relies upon Mr. Terwilliger's affidavit to demonstrate that the court lacks specific jurisdiction over WWE because the "episode-in-suit" occurred entirely in Virginia, not Florida. This evidence is sufficient to counter the amended complaint's jurisdictional allegations.

Having put forth this evidence indicating personal jurisdiction is lacking, the

pendulum swings back to Mr. Anderson to substantiate the amended complaint's jurisdictional allegations without simply reiterating what he already alleged in the amended complaint. Consequently, Mr. Anderson requests permission to take limited jurisdictional discovery so he may challenge WWE's evidence and obtain other evidence to support the amended complaint's jurisdictional allegations.

How limited the jurisdictional discovery should be depends on what jurisdictional facts are truly in dispute. Based on the record evidence, there can be no dispute that this court cannot exercise general jurisdiction over WWE since WWE is not "at home" in Florida. Whether the court can exercise specific jurisdiction over WWE, however, is less clear. Even if WWE's operation of the Performance Center is sufficient for section 48.193(1)(a)(1), the exercise of jurisdiction still violates the Due Process Clause if the "episode-in-suit" occurred elsewhere.

Based on the record evidence, the main "episode-in-suit" occurred in Virginia. However, Mr. Anderson alleges repeatedly that the Virginia incident resulted directly from WWE's activity in Florida. More specifically, Mr. Anderson alleges:

- The Performance Center is a 26,000-square-foot training center where WWE's "talent", including TITUS O'NEIL, train for their performances across the country. (Doc. 9 at ¶ 5(e)).

- WWE talent, including TITUS O'NEIL, train for strength and conditioning within a 5,500 square-foot gym located in the Performance Center. (*Id.* at ¶ 5(n)).

- The Performance Center is where WWE talent, including TITUS O'NEIL, train for live events, including the live event that was being filmed around the time of the incident which forms the basis for this lawsuit. (*Id.* at ¶ 5(o)).

5

- Upon information and belief, Paige and TITUS O'NEIL'S training by the WWE for the television shows were conducted at the Performance Center. (*Id.* at ¶ 12).

- These violent propensities were enhanced, encouraged, trained, and promoted by WWE at WWE's Performance Center. (*Id.* at ¶¶ 60, 71, 104, 120).

- WWE, through its officers, managers, supervisors and other agents had actual and/or constructive knowledge and notice of TITUS O'NEIL possessing significant anger management issues, but did not take action, remedial or otherwise to stop TITUS O'NEIL, but instead ratified and approved those actions by permitting them to continue and by facilitating the continuation of those actions. Upon information and belief, this ratification, approval and facilitation mainly took place at the Performance Center. (*Id.* at ¶¶ 66, 77, 115, 128).

The jurisdictional facts in dispute are whether actions by WWE in Florida led to the Virginia episode-in-suit, and thus expanded the episode-in-suit to more broadly occurring in both Florida and Virginia. If WWE's actions in Florida are as alleged, that *may* give rise to this court exercising specific jurisdiction over WWE without offending the Due Process Clause of the Fourteenth Amendment. Because the facts necessary for this court to exercise specific personal jurisdiction are in dispute, Eleventh Circuit precedent favors permitting discovery. *UnitedHealthcare of Fla., Inc. v. Am. Renal Assocs. Holdings, Inc.*, 2016 WL 8794534, at *2 (S.D. Fla. Dec. 5, 2016) (gathering cases permitting jurisdictional discovery where the basis for the court's personal jurisdiction is legitimately in dispute); *Nutramedics, Inc. v. Blackstone Nutrition, Inc.*, No. 09-81458-CIV-MARRA, 2009 WL 10668148, *2 (S.D. Fla. Dec. 31, 2009) (same).

Mr. Anderson may seek limited jurisdictional discovery related to Titus O'Neil's training at WWE's Performance Center.

**IV. CONCLUSION**

Mr. Anderson's Motion for Leave to Conduct Limited Jurisdictional Discovery (Doc. 20) is **GRANTED**, subject to these limitations:

(1) By **March 29, 2019**, Mr. Anderson may serve WWE with no more than five (5) requests to produce documents and five (5) interrogatories. These discovery requests must be limited to seeking jurisdictional information related to Titus O'Neil's training at WWE's Performance Center.

(2) By **April 12, 2019**, WWE must respond to Mr. Anderson's discovery requests.

(3) If necessary, Mr. Anderson may elicit no more than three hours of deposition testimony of jurisdictional information related to Titus O'Neil's training at WWE's Performance Center. This testimony must be completed by **April 26, 2019**.

**ORDERED** in Tampa, Florida on March 14, 2019.

AMANDA ARNOLD SANSONE
United States Magistrate Judge