UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONALD ANDERSON,                    Case No.: 8:18-cv-00901-MSS-AAS

      Plaintiff,

vs.

THADDEUS MICHAEL BULLARD
SR. a/k/a TITUS O'NEIL; and WORLD
WRESTLING ENTERTAINMENT, INC.,

      Defendants.

_____ /

## PLAINTIFF, DONALD ANDERSON'S, MOTION FOR
## SUMMARY JUDGMENT AND MEMORANDUM OF LAW

Plaintiff/Counter-Defendant, DONALD ANDERSON ("ANDERSON"), by and through undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure, files his Motion for Summary Judgment and Memorandum of Law directed to Defendant/Counter-Plaintiff, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL'S ("BULLARD"), Counter-Claim (Doc. 28) and states the following:

## UNDISPUTED FACTS AND RELEVANT PLEADINGS

Prior to May 18, 2015, URANUS PRODUCTIONS, LLC a/k/a GORILLA FLICKS ("GORILLA FLICKS") was hired by Defendant, WORLD WRESTLING ENTERTAINMENT, INC. ("WWE"), to develop and produce a television show for WWE'S programming channel/network. *See*, Bullard's Counter-Claim ¶ 7. The television show was titled "Swerved" and was intended to be a docu-reality program primarily featuring hidden camera pranks. *Id*. ¶ 9.

On or about May 18, 2015, ANDERSON was working for GORILLA FLICKS as a camera man to film the television show Swerved in Virginia. *See*, Anderson Affidavit ¶ 5. While this episode of Swerved was being filmed, SARAYA-JADE BEVIS a/k/a PAIGE ("BEVIS") gained possession of a cattle prod and began shocking numerous people with it, including BULLARD. *Id*. ¶¶ 7 and 8. BEVIS and BULLARD both work for the WWE as wrestling talent. *See*, Affidavit of Brian Terwilliger (Doc. 17-3) ¶ 14.

ANDERSON alleges that after BULLARD was shocked with the cattle prod, BULLARD became enraged and intentionally attacked ANDERSON by kicking a camera out of ANDERSON'S hand causing ANDERSON to suffer a severe wrist injury that required surgery. Accordingly, ANDERSON filed suit against BULLARD for Battery, Assault, Negligence, Gross Negligence, and Negligent and Intentional Infliction of Emotional Distress.

BULLARD is claiming he never kicked the camera out of ANDRSON'S hand and filed a Counter-Claim against ANDERSON for Conspiracy to Battery, Conspiracy to Assault, Negligence, Gross Negligence, and Negligent and Intentional Infliction of Emotional Distress. All of these claims are based upon the unsupported allegation that ANDERSON conspired with GORILLA FLICKS to shock BULLARD with the cattle prod. For the reasons stated below, ANDERSON is respectfully requesting the Court enter a summary final judgment as to the claims raised by BULLARD against ANDERSON in the Counter-Claim.

## MEMORANDUM OF LAW

I.   *Standard*

    A.   *Summary Judgment*

Summary judgment is authorized "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). Summary judgment is appropriate in circumstances where "the evidence is such that a reasonable jury could [not] return a verdict for the nonmoving party." *Id.*

II.   *Argument*

    A.   *Count I and II of the Counter-Claim for Civil Conspiracy fail as a matter of law*

Under Florida law, a civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Raimi v. Furlong*, 702 So. 2d 1273, 1284 (Fla. 3d DCA 1997), rev. den., 717 So. 2d 531 (Fla. 1998).

Generally speaking, neither an agent nor an employee can conspire with his or her corporate principle or employer. *See, Rivers v. Dillards Dept. Store, Inc.*, 698 So.2d 1328, 1333 (Fla. 1st DCA 1997) citing *Garrido v. Burger King Corp.*, 558 So. 2d 79 (Fla. Dist. Ct. App. 1990); *Lipsig v. Ramlawi*, 760 So. 2d 170 (Fla. Dist. Ct. App. 2000).  An exception to this rule, however, is where "the agent [or employee] has a personal stake in

the activities that are separate and distinct from the corporation's interest." *Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc.,* 629 So. 2d 252, 256 (Fla. 3d DCA 1994).

Count I and II of BULLARD'S Counter-Claim allege that the conspiracy was between ANDERSON and GORILLA FLICKS. *See*, Bullard's Counter-Claim ¶¶ 11, 16, 17, 20, and 21.  These counts also allege that at the time of the purported conspiracy to shock BULLARD, ANDERSON was an "Employee/Agent" of GORILLA FLICKS. *Id.* ¶¶ 7, 16, and 20.  Based upon these allegations alone, there cannot be a conspiracy as a matter of law as an employee/agent cannot conspire with his or her employer.  There is also no evidence that ANDERSON had a personal stake in BULLARD being shocked which was separate and distinct from any interests GORILLA FLICKS may have had. The undisputed facts are that the only thing ANDERSON was doing during this entire alleged conspiracy was filming the show Swerved, which he was hired by GORILLA FLICKS to do. *See*, Anderson Affidavit ¶¶ 5 and 9.

Regardless of the fatal fact that an employee/agent cannot conspire with an employer, the undisputed facts show that ANDERSON never conspired with anyone to assault or commit a battery upon BULLARD.  ANDERSON had no role in determining what pranks would be featured on that episode of Swerved and he had no role in determining who would be involved with the pranks being featured in that episode. *Id.* ¶ 6.  ANDERSON did not give BEVIS the cattle prod and did not instruct anyone to give BEVIS the cattle prod. *Id.* ¶ 7.   ANDERSON did not instruct BEVIS to shock BULLARD with the cattle prod.  *Id.* ¶ 8.  ANDERSON never had an agreement with anyone for BEVIS to shock BULLARD with the cattle prod. *Id.*   Accordingly,

ANDERSON was never involved with any conspiracy to shock BULLARD and the civil conspiracy element of "an agreement between two or more parties" cannot be satisfied.

**B.     *Since ANDERSON did not conspire with anyone to shock BULLARD, BULLARD'S claims for Negligence, Gross Negligence and Intentional and Negligent Infliction of Emotional Distress fail as well.***

Count III, IV, V, and VI of BULLARD'S Counter-Claim are all based upon the unsupported allegation that ANDERSON conspired with GORILLA FLICKS. Specifically, within these counts, BULLARD alleges the following:

> Count III – Negligence – ANDERSON knew or should have known that his ***conspiracy*** with URANUS/GORILLA . . . in a concerted action, to assault and commit a battery on BULLARD with a cattle prod, would cause severe and serious injury to BULLARD.  ANDERSON breached his duty and failed to exercise reasonable care commensurate with the reasonably foreseeable risk of injury that ***conspiring*** to assault and commit a battery on BULLARD with a cattle prod for a prank production presented.

> Counter-Claim ¶¶ 26 and 27 (emphasis added).

> Count IV – Gross Negligence – A reasonably prudent person would know that ***conspiring*** to assault and commit a battery with a cattle prod is likely to result in BULLARD being injured.  ANDERSON intentionally ***conspired*** to assault and commit a battery on BULLARD with a cattle prod for a prank production which constitutes clear and present danger amounting to more than normal and usual peril.  ANDERSON had chargeable knowledge or awareness that his ***conspiracy*** to assault and commit a battery on BULLARD with a cattle prod would cause severe and serious injury to BULLARD.   ANDERSON consciously disregarded BULLARD's safety when he decided to ***conspire*** to assault and commit a battery on BULLARD with a cattle prod . . . .

> *Id*. ¶¶ 31-34 (emphasis added).

> Count V – Intentional Infliction of Emotional Distress – ANDERSON ***conspired*** to commit illegal, obscene, acts of assault

**METTS LEGAL, P.A.**
320 Maitland Avenue, Altamonte Springs, Florida 32701 | Office: 321.422.0430 | Fax: 321.422.0499

and battery against BULLARD.

*Id.* ¶ 37 (emphasis added).

Count VI – Negligent Infliction of Emotional Distress - ANDERSON ***conspired*** to commit illegal, obscene, acts of assault and battery against BULLARD, which resulted in harm to BULLARD.

*Id.* ¶ 44 (emphasis added).

It appears clear that all of BULLARD'S claims against ANDERSON are based upon a conspiracy that is not supported under Florida law and that did not actually happen.  Accordingly, the evidence is such that a reasonable jury could not return a verdict in favor of BULLARD on these claims.

## **CONCLUSION**

All of BULLARD'S claims against ANDERSON are based upon this purported conspiracy between ANDERSON and GORILLA FLICKS that allegedly took place while ANDERSON was working for GORILLA FLICKS.  Since the law in Florida is that an employee/agent cannot conspire with his or her employer and the undisputed facts show ANDERSON in reality never conspired with anyone, the claims raised by BULLARD against ANDERSON fail as a matter of law.  It appears that BEVIS, who was a WWE talent, took it upon her own accord to go and shock BULLARD with the cattle prod.  Accordingly, ANDERSON is respectfully requesting this Court enter summary final judgment in favor of ANDERSON and against BULLARD as it pertains to BULLARD'S Counter-Claims.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served on this 29th day of March, 2019 through electronic mail to **Daniel A. Shapiro, Esq.**, Cole, Scott & Kissane, P.A., 4301 West Boy Scout Boulevard, Suite 400, Tampa, Florida 33607, at

dan.shapiro@csklegal.com,                                    christopher.donegan@csklegal.com,

dorice.voecks@csklegal.com and alice.hartranft@csklegal.com, *Counsel for Defendant*, WORLD WRESTLING ENTERTAINMENT, INC; and to **Mario E. Torres, Esq.**, Torres Benet, 5308 Van Dyke Road, Lutz, Florida 33558, at

mariotorres@torresbenet.com and eservice@torresbenet.com, *Counsel for Defendant*, THADDEUS MICHAEL BULLARD SR. a/k/a TITUS O'NEIL.

/s/ *Derek Metts*

**DEREK L. METTS**
FBN: 081708
**METTS LEGAL, P.A.**
320 Maitland Avenue
Altamonte Springs, Florida 32701
Tel.:  321.422.0430
Fax.: 321.422.0499
derek.metts@mettslegal.com
laura.dowdell@mettslegal.com
*Counsel for Plaintiff*